BENNETT *v.* THE STATE.

An indictment for murder in the first degree, was found in the *Decatur* Circuit Court at the *April* term, 1851, and concluded *contra formam statuti.* By the statute of 1843, the punishment of that crime was death. By the act of 1846, the punishment is either death or imprisonment in the state prison at hard labor during life, at the discretion of the jury. *Held,* that the conclusion of the indictment in the singular, to-wit, *contra formam statuti,* was correct.

At the term of said Court in which the indictment was found, the defendant moved the Court for a change of venue. The Court granted the motion, and entered, on the Court docket, an order for the change of venue to the *Ripley* Circuit Court; but the clerk neglected to enter the order on the order-book. A transcript of the proceedings in the cause in the *Decatur* Circuit Court, except said order on the Court-docket, was made out by the clerk of that Court and duly certified by him under the seal of the Court. That transcript, with the indictment and other papers in the cause, was, on the 22d of *July*, 1851, delivered to the clerk of the *Ripley* Circuit Court, who, on the day last named, filed the same in his office. After the motion for the change of venue was made, several witnesses were recognized in the *Decatur* Circuit Court to give evidence, in the *Ripley* Circuit Court, in the cause, and their recognizances were recorded on the 22d of *July*, 1851, in the *Ripley* Circuit Court. On the 23d of *September*, 1851, the clerk of the *Decatur* Circuit Court filed in the clerk's office of the *Ripley* Circuit Court, as one of the papers in the cause, a certified statement of the order for a change of venue, as entered as aforesaid on the Court-docket of the *Decatur* Circuit Court. Afterwards, on the day last named, the parties appeared in the *Ripley* Circuit Court, and the Court, on the defendant's motion, continued the cause until the 29th of *September*, 1851. The defendant then objected to the jurisdiction of the *Ripley* Circuit Court, on the ground that there had been no order, by the *Decatur* Circuit Court, for a change of venue. *Held,* that the objection was correctly overruled.

The affidavits of individual jurors are not, on grounds of public policy, admissible to impeach their own verdict.

ERROR to the *Ripley* Circuit Court.

BLACKFORD, J.—This was an indictment for murder in the first degree. The indictment was found in the *Decatur* Circuit Court at the *April* term, 1851, and concludes *contra formam statuti.*

The defendant pleaded not guilty. The cause was tried in the *Ripley* Circuit Court. The jury found the defendant guilty as charged in the indictment, and that he suffer death. Motions for a new trial and in arrest of judgment overruled, and judgment on the verdict.

The first objection is that the indictment should have concluded *contra formam statutorum.* By the statute of 1843, the punishment of the crime charged in this indictment was death. R. S. 1843, p. 960. By the act of 1846, the punishment is either death or imprisonment in the state prison, at hard labor during life, at the discretion of the jury. Acts of 1846, p. 40. A case very similar to the present occurred in this Court as early as 1822. The indictment was for perjury. The punishment of the offense, at the time it was charged to have been committed, was whipping not to exceed 100 stripes. But before the finding of the indictment, the punishment had, by statute, been changed to confinement in the state prison. It was decided that the conclusion of the indictment in the singular, to-wit, *contra formam statuti,* was correct. *Strong* v. *The State,* 1 Blackf. 193. We are of opinion, upon the authority of that case, that the conclusion of this indictment is not objectionable.

The second objection is, that there was no order of the *Decatur* Circuit Court for a change of venue to the *Ripley* Circuit Court.

The facts on this subject, as shown by the record, are as follows:

At the term of the *Decatur* Circuit Court, in which the indictment was found, the defendant moved the Court for a change of venue. The Court granted the motion, and entered, on the Court-docket, an order for the change of venue to the *Ripley* Circuit Court; but the clerk neglected to enter the order on the order-book.

A transcript of the proceedings in said cause in the

*Decatur* Circuit Court, except said order on the Court-docket, was made out by the clerk of that Court and duly certified by him under the seal of the Court. That transcript, with said indictment and other papers in the cause, was, on the 22d of *July*, 1851, delivered to the clerk of the *Ripley* Circuit Court, who, on the day last named, filed the same in his office. After said motion for a change of venue was made, several witnesses were recognized in said *Decatur* Circuit Court to give evidence, in the *Ripley* Circuit Court, in said cause; and their recognizances were recorded, on the 22d of *July*, 1851, in the *Ripley* Circuit Court. On the 23d of *September*, 1851, the clerk of the *Decatur* Circuit Court filed in the clerk's office of the *Ripley* Circuit Court, as one of the papers in the cause, a certified statement of the order for a change of venue, as entered as aforesaid on the Court-docket of the *Decatur* Circuit Court. Afterwards, on said 23d of *September*, 1851, the parties appeared in the *Ripley* Circuit Court, and the Court, on the defendant's motion, continued the cause till the 29th of *September*, 1851.

The defendant then objected to the jurisdiction of the *Ripley* Circuit Court, on the ground that there had been no order, by the *Decatur* Circuit Court, for a change of venue. This objection was correctly overruled. The facts above stated show, that the order for the change of venue had been duly made by the *Decatur* Circuit Court, and that sufficient evidence of the existence of the order was, before said objection was made, placed on the files of the *Ripley* Circuit Court.

The third objection is, that the evidence does not support the verdict. We think the evidence very clearly shows that the objection is not tenable. The confession of the defendant of his guilt, made more than once, is expressly proved by one of the witnesses; and there is also a good deal of other evidence against him.

The last objection is, that the verdict, as regards the punishment, was arrived at by an improper mode, adopted for the purpose, by the jury. The alleged misconduct of the jurors, by balloting, under a certain agreement as

Nov. Term, 1851.

BENNETT
v.
THE STATE.

to the punishment to be inflicted, is the foundation of this objection.

There was no evidence as to this objection, except the affidavit of one of the jurors. Were the affidavit admissible, it would not support the objection; as it does not, in our opinion, contain sufficient matter to authorize the setting aside of the verdict. But it is not necessary to examine, particularly, the contents of the affidavit. It is well settled that the affidavits of individual jurors are not, on grounds of public policy, receivable to impeach their own verdict. *Vaise* v. *Delaval,* 1 Term R. 11.—*Dana* v. *Tucker,* 4 Johns. R. 487.—*Owen* v. *Warburton,* 1 N. R. 326.—*Harvey* v. *Hewitt,* 8 Dowl. P. C. 598.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey,* for the plaintiff.

*A. Davison,* for the state.