H. S. BENJAMIN WAGON & CARRIAGE COMPANY, Appellant, vs. THE MERCHANTS' EXCHANGE BANK, Respondent.

*May 8 — June 1, 1885.*

*(1) Promissory notes: Conversion: Measure of damages. (2) Demand: Possession. (3) New trial: Discretion. (4) Terms on granting new trial.*

1. In an action for the conversion of promissory notes the recovery cannot exceed the amount due thereon at the time of the verdict.

2. Promissory notes had been delivered by the plaintiff's assignor to a bank, either for collection or as collateral security, and, at the time when plaintiff demanded them from the bank, certain of them had been transmitted, in due course of business, to other parties for collection. *Held,* that the notes so transmitted, not being in the possession of the bank, were not reached by the demand, and their value was therefore not recoverable in an action for the conversion of the notes.

3. The granting of a new trial is in the discretion of the trial court, and this court will interfere only in cases of clear abuse.

4. A new trial being granted by the trial judge on the ground that in his charge to the jury he had not given sufficient weight to certain matters in evidence, it was not error not to impose terms upon the moving party. *Pound v. Roan,* 45 Wis. 129, distinguished.

APPEAL from the County Court of *Milwaukee* County.

This is an action of trover, brought to recover the value of certain promissory notes, alleged to have been unlawfully detained by the defendant bank from the plaintiff. The notes originally belonged to H. S. Benjamin, who assigned his interest therein to the plaintiff company. The notes

H. S. Benjamin Wagon & Carriage Co. vs. Merchants' Exchange Bank.

were delivered to the bank by Benjamin before such assignment, and the controversy is whether they were so delivered for collection merely, as claimed by the plaintiff, or as collateral security of the indebtedness of Benjamin to the bank, as claimed by the defendant. From the time of such delivery Benjamin was, and still is, indebted to the bank.

After the bank received the notes, and before such assignment thereof to the plaintiff, Benjamin executed a bond to the bank, with sureties, conditioned for the payment of such indebtedness, and the bank executed a written instrument to Benjamin, in which it agreed to make a reasonable effort to realize upon any and all securities it may have as collateral to such indebtedness. At that time the bank held no collaterals to such indebtedness other than the notes in suit. It appeared also that when demand was made by the plaintiff for the notes assigned to it by Benjamin in the hands of the bank, two of such notes, amounting to over $250, had been forwarded, in due course of business, to other parties for collection, and were not then in the possession of the bank.

The plaintiff had a verdict for the value of all of such notes, including the two last above mentioned. In computing the damages, interest was allowed on all of said notes to the date of such demand, and then interest was computed on the whole amount to the date of the verdict.

The county court granted a motion for a new trial without imposing terms, for the reasons stated in the following opinion filed by the judge: "(1) The defendant is charged with compound interest upon the notes after demand was made, to wit, after January 22, 1884. (2) Defendant is also charged in verdict with note of Morey, balance $38.28; with note of George English, $115; and note of Edward Minden, $139,— these notes having been sent for collection by defendant, and not in its possession at time of demand or since. (3) The bond and agreement in evidence were

both executed on the 27th day of November, 1883, and are contemporaneous agreements. The notes in suit were all in the defendant's possession at the time of the execution and delivery of the bond and agreement; the agreement providing, among other things, as follows: 'We agree to make a reasonable effort' to realize upon all securities we may have as collateral to *such paper*,' etc.,— clearly referring to the paper mentioned in the bond; and the collateral securities mentioned in the agreement must have had reference to the very notes in suit, since the defendant had no other collateral securities at the time of the execution and delivery of the agreement, and has had none since, than the notes in suit; and there is no evidence showing a valid and legal agreement on the part of the defendant to release the lien acquired by said agreement on said notes either before or since the commencement of this action. For these reasons a new trial ought to be granted."

The Morey note mentioned in the foregoing opinion of the court seems not to have been included in the verdict. The plaintiff appeals from the order granting a new trial.

For the appellant there was a brief signed by *W. J. Turner*, of counsel, and *H. L. Buxton*, attorney, and oral argument by *Mr. Turner*. They contended, *inter alia*, that it was error to grant the new trial without requiring the defendant to pay the costs of the trial. *Pound v. Roan*, 45 Wis. 129; *Supervisors v. Stahl*, 48 id. 593; *Hoffman v. Doolittle*, 50 id. 505; *Smith v. Lander*, 48 id. 587; *Carroll v. More*, 30 id. 574. It was proper to compute the interest on the notes to the date of the demand, and to allow interest on the whole amount from that date to the time of trial. 3 Sutherland on Dam., 492, 520, 521; Wells on Replevin, sec. 557; *Kalckhoff v. Zoehrlaut*, 43 Wis. 373; *Ingram v. Rankin*, 47 id. 410. It was proper to include in the verdict the notes which had been sent out for collection. These notes, or their proceeds, were under the con-

JANUARY TERM, 1885.                473

H. S. Benjamin Wagon & Carriage Co. vs. Merchants' Exchange Bank.

trol of the bank. Manual possession was not necessary. And the bank claimed to hold these notes, with the others, as collateral security, and to be entitled to the possession of them. This amounted to a conversion. *Smith v. Schulenberg,* 34 Wis. 50; *Steele v. Schricker,* 55 id. 139. Although the granting or refusing of a new trial is discretionary, yet " when it is clear that the court below has proceeded upon a mistaken view of the law in granting a new trial, this court will interfere." *Bushnell v. Scott,* 21 Wis. 457; *Duffy v. C. & N. W. R. Co.* 34 id. 192; *Smith v. Lander,* 48 id. 591; *Jones v. Evans,* 28 id. 168.

For the respondent there was a brief by *Jenkins, Winkler & Smith,* counsel, and oral argument by *Mr. Winkler.* They argued, among other things, that the amount of the verdict was undoubtedly excessive. By figuring the interest on the notes to the date of the demand, adding that interest to the principal, and then computing interest on the whole amount to the day of trial, more than compound interest was allowed; for interest was given on interest which had not only not been paid, but was not even payable. The cases cited in 3 Sutherland on Dam. 521, do not support the text.

LYON, J. 1. The undisputed evidence shows that in ascertaining the value of the notes which constitute the subject matter of this action, interest was computed thereon to the date of the demand, and added to the principal, and then interest was computed upon the whole amount to the date of the verdict. This was error. The plaintiff's recovery could not properly exceed the amount due on the notes at the time the verdict was rendered, and hence simple interest only should have been computed thereon to that time. The excess, however, is small, and might have been remitted from the verdict.

2. It was also error to include the two notes which had been transmitted, in due course of business, to other parties

for collection. The consent of Mr. Benjamin thereto is fairly implied from the nature of the transaction. These notes not being in the possession of the defendant when the demand was made, were not reached by such demand, and their value is not recoverable in this action. The verdict in this respect is in opposition to the express instructions of the court. The amount of these notes is easily ascertained, and might also have been remitted from the verdict.

3. The remaining ground upon which the new trial was granted goes to the merits of the action. It is very evident from the remarks of the county judge when he granted a new trial that, in his opinion, he had not, in his charge to the jury on the trial, given sufficient weight to the following provision in the contract of the bank with Benjamin: "We agree to make a reasonable effort to realize upon all securities we may have as collaterals to such paper," and to the further fact that the bank held no paper of Benjamin at that time other than the notes involved in this action. We may not be prepared to give to those facts the importance or conclusiveness which seems to have been attached to them by the judge, yet they are so significant we are unable to say it was an abuse of discretion to award a new trial because proper weight had not been given to them in the instructions. The trial courts have a wide discretion in the matter of granting new trials, and it is only in cases of clear abuse that this court is authorized to interfere with the exercise of it. We think no such case is presented in this record.

Sustaining the order granting a new trial on the ground last above mentioned (as we do), it was not error not to impose terms upon the defendant. It is plain the case is not within the rule of *Pound v. Roan*, 45 Wis. 129, in this respect.

*By the Court.*— The order of the county court granting a new trial is affirmed.