Filed April 23, 1889.

---

No. 13,338.

## McKinley *v.* The First National Bank of Crawfordsville.

Interrogatories to Jury.—*Mistake in Answer.*—*Correction of.*—*Affidavits of Jurors.*—*New Trial.*—The jury returned a general verdict for the defendant and also returned answers to interrogatories propounded to them. The plaintiff moved for judgment on the interrogatories and answers. The defendant moved to correct the answer to an interrogatory by striking out the word "yes" and inserting the word "no," and filed affidavits of all the jurors that the answer agreed upon was "no," but that by inadvertence "yes" had been written. The motion to correct was overruled and judgment rendered for the plaintiff on the special verdict, the answers as returned being inconsistent with the general verdict. A motion for a new trial was denied.

*Held,* that affidavits of jurors will not be received to impeach their verdict, and that the trial court ruled correctly. Elliott, C. J., dissents, on the ground that, with the general verdict in his favor, the defendant should have been awarded a new trial.

From the Montgomery Circuit Court.

*J. Wright* and *J. M. Seller,* for appellant.

*G. W. Paul, J. E. Humphries* and *W. M. Reeves,* for appellee.

OLDS, J.—This is an action on a promissory note executed by the appellant and one Burkholder to the appellant for $7,-150, dated December 27th, 1882, with eight per cent. interest and attorney's fees.

The complaint is in the usual form. The appellant answered in two paragraphs.

The first paragraph alleges that, prior to the 5th day of August, 1882, the defendant and Burkholder were in partnership in the lumber business, and that they, said defendant and Burkholder, were indebted to the plaintiff, the appellee, in the amount of the note sued upon, evidenced by several notes; that, upon said last named date, said defendant sold his interest in said lumber business to his partner, Burkholder, and Burkholder executed to him his note, in payment of such interest, in the sum of $3,915; that plaintiff was desirous of collecting the amount owed by said Burkholder and McKinley to the plaintiff, and a contract was entered into between all of said parties, by which it was agreed that Burkholder should make sale of the stock of lumber and timber on hand, and the said plaintiff should make all collections for such sales, and should apply the amount so collected as follows: One-fifth to the payment of said $3,915 note due McKinley, and four-fifths of the amount so collected to the indebtedness due the plaintiff from the firm of Burkholder & McKinley; that the note sued upon was given in renewal of the notes then held by the plaintiff against Burkholder & McKinley, and the consideration for said notes held against the firm of Burkholder & McKinley August 5th, 1882, is the same consideration as the consideration for the note sued upon; that said Burkholder made sale of said lumber and timber on hand, and the plaintiff collected the money on such sales, amounting to $17,000, four-fifths of which amount, if applied to the payment of said notes and indebtedness, as agreed upon, would have more than paid and satisfied the same.

The second paragraph alleges substantially the same facts,

McKinley *v.* The First National Bank of Crawfordsville.

:and that all except $2,000 of said indebtedness of Burkholder ·& McKinley had been paid prior to the execution of the ·note sued on; that defendant signed the note without reading it, supposing and believing it to be only for the balance due on said indebtedness, and that there was no consideration for the note except the sum of $2,000, which had been fully paid.

Plaintiff replied to the answers by denial. Trial by jury, ·resulting in a general verdict for defendant, and answers to ·special interrogatories; motion for judgment for the plaintiff on the interrogatories and answers, notwithstanding the general verdict; motion sustained and judgment for the plaintiff. After verdict, and before judgment, defendant moved the court to correct the answer to interrogatory No. 24, by striking out the word "yes" and inserting in lieu thereof the word "no," for the reason that the jury agreed to answer said interrogatory "no," and that by inadvertence and mistake the word "yes" was written and returned as the answer, and filed an affidavit signed and sworn to by each of said jurors in support of said motion, to the effect that the answer agreed upon by said jury to said interrogatory was "no," and by mistake it was written "yes," and not discovered until after the jury was discharged, which motion was overruled, and the ruling was assigned as one of the causes for a new trial.

The interrogatories and answers thereto are in the nature of a special verdict; they have the same force and effect as a verdict, and when inconsistent with the general verdict they control the latter. The changing of an answer to an interrogatory from "yes" to "no" would be equivalent to changing a general verdict by inserting the word "plaintiff" in lieu of the word "defendant," and affidavits of jurors showing that they had agreed upon a verdict in favor of the "plaintiff," and that by inadvertence and mistake they had written the word "defendant," would be a direct contradic-

tion of their verdict. By the answer to this interrogatory the jury said that "at the time the defendant executed the note sued on he understood that he was executing a note for whatever was the balance then due the plaintiff from Burkholder," and by the change desired to be made the jury would say that the defendant did not understand he was executing a note for whatever balance was then due the plaintiff from Burkholder. It is a direct contradiction of the verdict, or the interrogatory and answer, and this court has repeatedly held that the affidavits of jurors can not be received to impeach their verdict. *Stanley* v. *Sutherland*, 54 Ind. 339 ; *Hughes* v. *Listner*, 23 Ind. 396 ; *Bradford* v. *State*, 15 Ind. 347 ; *Bennett* v. *State*, 3 Ind. 167 The case of *Withers* v. *Fiscus*, 40 Ind. 131, is directly in point. In that case it was held that affidavits of jurors can not be received to show that they agreed upon a basis of amount upon which the calculation of the amount to be recovered should be made, and that there was a mistake in the calculation. There was no error in overruling the motion to correct, or, as we regard it more properly, to change the answer to the interrogatory.

It is also urged that the court erred in sustaining the motion for judgment on the interrogatories. We do not deem it necessary to set out the interrogatories and answers in full. The interrogatories and answers thereto are in direct conflict with the general verdict, and find affirmatively all the facts entitling the plaintiff to a judgment for the amount due upon the note, which amount is specifically found and stated by the jury.

Although the affidavit of the jurors was not proper to be considered by the trial court as evidence in support of the motion to change the answer to the interrogatory, yet we have no doubt, in view of its having been filed, that the trial court would not have overruled the motion for a new trial and rendered final judgment had it not been clearly satisfied that the appellee was entitled to the judgment rendered.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

## DISSENTING OPINION.

ELLIOTT, C. J.—I dissent from the conclusion reached in the prevailing opinion, because I think that, with the general verdict in favor of the appellant, the trial court should have awarded a new trial, and not rendered judgment on the answers to interrogatories.

