# CASES DETERMINED

AT THE

## *January Term, 1894.*

MURPHEY, Appellant, vs. WEIL, Respondent.
MURPHEY, Respondent, vs. WEIL, Appellant.

| 86 | 643 |
| 96 | 326 |
| 86 | 643 |
| f110 | ¹530 |

*January 9 — January 30, 1894.*

(1) *Appealable order: Motion for judgment.* (2, 3) *Admission of fact on trial: Bill of exceptions: Returning record for correction.*

1. An order denying a motion for judgment on the minutes and special verdict, not followed by judgment for the opposite party, affects a substantial right and is appealable.
2. A fact admitted in open court on the trial is one of the facts in the case, as much as the finding of a special verdict.
3. Upon an appeal from an order granting a new trial on the ground that the findings of the special verdict were inconsistent, the bill of exceptions contained only the special verdict, although respondent had asked the insertion therein of an admission of an important fact, made on the trial. On respondent's motion the record is returned to the trial court, in order that motion may there be made for correction of the bill of exceptions.

APPEALS from the Superior Court of *Milwaukee* County. The facts are stated in the opinion.

The motions were argued by *N. S. Murphey*, plaintiff, in person, and by *W. H. Timlin* and *J. G. Flanders* for the defendant.

PER CURIAM. The action was tried by a jury, who returned a special verdict. There are two appeals. Plaintiff

appealed from an order setting aside the special verdict and granting a new trial on the ground that the findings of the special verdict are inconsistent. Defendant appealed from an order denying his motion for judgment upon the minutes of the court and the special verdict.

The plaintiff moves to dismiss the defendant's appeal on the ground that the order is not appealable. We think it is appealable. It was not followed by judgment for the opposite party, from which an appeal could be taken; so the order clearly affects a substantial right, namely, the right to have the question of the defendant's right to a judgment upon the verdict passed upon by this court. *Robinson v. Washburn*, 81 Wis. 404.

Upon plaintiff's appeal a bill of exceptions was settled by the court, consisting simply of the special verdict. It appears by affidavit that an admission of a very important fact in the case was made in open court on the trial. This admission was not incorporated in the bill of exceptions, though defendant proposed an amendment to that effect. Defendant moves that the bill of exceptions be returned, so that the same may be corrected by inserting such admission. We do not determine now what the effect of the admission may be, nor can we order the trial court, upon this motion, to insert matter in the bill of exceptions; but in our opinion the admission was proper to be inserted in the bill, and should be there, inasmuch as a fact admitted on the trial is one of the facts in the case, as much as the finding of the special verdict.

The plaintiff's motion to dismiss will be denied, and the defendant's motion to return the record to the superior court of Milwaukee county, in order that motion may be there made for correction of the bill of exceptions, will be granted.