(28 Misc. Rep. 376.)

HESLIN v. EASTERN BUILDING & LOAN ASS'N OF SYRACUSE.

(Supreme Court, Trial Term, Kings County. July, 1899.)

1. BUILDING AND LOAN ASSOCIATION—CONSTRUCTION OF CONTRACTS.
    Under Laws 1851, c. 122, providing that a building and loan association cannot sell its shares at less than the par value under an agreement to take them back at par, an agreement in a certificate of building and loan stock to pay par value at the end of 78 months is merely an estimate, and substantially an agreement to pay the par value when the payments and accumulations on the shares have reached that amount.

2. CONTRACTS.
    A stipulation in a certificate of corporate stock that any action against the corporation shall be brought in the county where its principal office is located is binding.

Action by Michael Heslin against the Eastern Building & Loan Association of Syracuse, New York. Judgment for defendant.

The defendant was organized in 1890 under the building and loan association statute of this state (chapter 122, Laws 1851). The plaintiff is a shareholder of the defendant, and this is a common-law action to recover $1,000, the par value of his ten shares. The certificate of the defendant to the plaintiff for such shares contains in substance an agreement that the plaintiff shall pay to the defendant monthly installments of 75 cents a share in payment therefor, and that at the end of 78 months the defendant shall pay to the plaintiff $100 for each of the said shares, provided such monthly installments shall have been paid meanwhile. It also provides that at stated intervals all profits of the defendant shall be apportioned among the outstanding shares. The profits apportioned to the plaintiff's shares during the 78 months was $102, making the total of the 78 installments and the profits amount to $687. It is also provided in the certificate that any action against the defendant shall be brought in the county of Onondaga, N. Y., its principal office and place of business being in the city of Syracuse in said county. The certificate also expressly makes the by-laws of the defendant a part of the contract. At the expiration of the 78 months the plaintiff, having paid the 78 installments, demanded $1,000 of the defendant for his 10 shares, but payment was refused.

Furlong & O'Connell, for plaintiff.
D. A. Pierce, for defendant.

GAYNOR, J. The 78 months mentioned in the certificate are an estimated period, though that is not so stated therein in so many words. The defendant's corporate powers are limited by the statute under which it exists. It may not sell its shares for less than par under an agreement to take them back at par. That would be outside of its powers and a violation of its trust duties. Nor is it doing so. The contract between the plaintiff and the defendant has to be ascertained from the certificate issued to the plaintiff, the by-laws of the defendant, and the statutes of this state for the organization and operation of building and loan associations. From these the scheme under which the defendant issues shares for sale is found to be that they are to be paid for by monthly installments,

and by the profits earned and apportioned to the shares meanwhile; such profits being retained by the defendant and credited to the purchaser. When the installments paid, plus such profits, amount to the par of the shares, they are paid for in full. As such installments and profits in this case amounted to only $687, it follows that the plaintiff made his claim prematurely. If less than 78 monthly installments plus the profits meanwhile had amounted to the par of the shares, the plaintiff would have had to pay only that lesser number of installments. The 78 monthly installments plus the profits not amounting to the par of the shares, they were not yet paid for, and the plaintiff had to continue to pay the monthly installments. The 78 installments were only estimated. They proved too few, but might have proved too many.

Nor do I see why the contract that the action must be brought in Onondaga county, N. Y., is not binding.

Judgment for the defendant.