Mills vs. Conley.

Mills, Respondent, vs. Conley, Appellant.

*May 1 — May 21, 1901.*

*Bicycles: Collision at highway crossing: Negligence: Failure to look: Special verdict: Appealable orders: New trial: Practice: Presumptions: Costs.*

| 110 | 525 |
|-----|-----|
| 112 | c200 |
| 112 | 7202 |
| 110 | 525 |
| 113 | c258 |
| 110 | 525 |
| 116 | 7 69 |

1. Plaintiff, while traveling over a street at a crossing, was injured by being run into by defendant on a bicycle. The accident occurred at night, and plaintiff, who was carrying an open umbrella and stooping down, did not look in either direction before starting to cross the street. A witness testified that he was seventy-five to one hundred feet away, but saw both plaintiff and defendant just before the accident; and defendant testified that an arc light was at the place, and that he saw the plaintiff when he came within sixty or sixty-five feet of him. *Held,* that a finding of a special verdict that plaintiff *could not,* by the exercise of ordinary care, under the existing circumstances, have seen defendant in time to have avoided the accident, was not supported by the evidence.

2. In such case, where there was evidence to sustain a finding of the special verdict that the plaintiff was guilty of contributory negligence which was the proximate cause of the injury, and the whole verdict, except said finding as to whether plaintiff *could not* see the defendant, was allowed to stand, defendant's motion for judgment should have been granted.

3. Under subd. 1, sec. 3069, Stats. 1898, an order denying a motion for judgment on a special verdict does not prevent "a judgment from which an appeal might be taken," and is not appealable.

4. In an action for injuries received by being run into by defendant on a bicycle, a finding that plaintiff was guilty of a want of ordinary care which proximately caused the accident is *held* not to be contrary to the undisputed evidence.

5. Such finding is not mere surplusage, nor contrary to a finding that plaintiff could not, by the exercise of ordinary care, under the cir-

Mills vs. Conley.

cumstances, have seen the defendant in time to have avoided the accident.

6. Where one party obtains an order setting aside a verdict as against the evidence and granting a new trial, it is error to impose costs on the other party.

7. When the trial court fails to state in the order the reasons for setting aside a verdict and granting a new trial, the presumption is that it was granted because the court thought the verdict was against the weight of the evidence.

APPEAL from orders of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Appeal from order denying motion for judgment dismissed; order granting new trial reversed.*

For the appellant there was a brief by *L. A. Thompson* and *Blatchley & Burke,* and oral argument by *A. H. Blatchley.* They contended, *inter alia,* that footmen have no right to a street crossing superior to teams, and that it is negligence to attempt to cross a street whereon are moving vehicles without looking in both directions. *Barker v. Savage,* 45 N. Y. 191; *Belton v. Baxter,* 54 N. Y. 245, 247; Clementson, Wheelmen, § 114; *Savage v. Gerstner,* 36 App. Div. 220; *Cotton v. Wood,* 8 C. B. (N. S.), 568; *East Chicago F. Co. v. Ankeny,* 19 Ind. App. 150; *Fuller v. Dederick,* 35 App. Div. 93; *Niosi v. Empire S. Laundry,* 117 Cal. 257; *Curtin v. Metropolitan St. R. Co.* 22 Misc. (N. Y.), 83; *Gaudin v. Carthage,* 59 Hun, 619; *Cawley v. La Crosse City R. Co.* 101 Wis. 145. A bicycle is a vehicle, and, equally with a carriage or other vehicle, is entitled to the rights of the road. *Holland v. Bartch,* 120 Ind. 46; *Mercer v. Corbin,* 117 Ind. 450; *State v. Collins,* 16 R. I. 42; *Taylor v. Goodwin,* 4 Q. B. Div. 228; Elliott, Roads & S. (1st ed.), 635; Clementson, Wheelmen, § 99.

For the respondent the cause was submitted on the brief of *Herbert Kinne.*

CASSODAY, C. J. This is an action to recover damages for personal injuries sustained by the plaintiff while walking

Mills vs. Conley.

west upon the sidewalk on the south side of State street, and when in the act of crossing Thirteenth street, by being struck by a bicycle upon which the defendant was at the time riding. The accident happened about nine o'clock on the evening of September 4, 1898. Issue being joined and trial had, the jury returned a special verdict to the effect: (1) that the bicycle ridden by the defendant southerly on Thirteenth street, September 4, 1898, collided with the plaintiff when upon the street crossing, and threw him with such violence upon the ground as to cause the injuries of which he complains; (2) that the defendant did see the plaintiff walking west on State street in time so that, by the exercise of ordinary care, he could have avoided the accident; (2½) that the defendant was guilty of negligence which was the proximate cause of the plaintiff's injury; (3) that the plaintiff could not, by the exercise of ordinary care, under the existing circumstances, have seen the defendant riding down Thirteenth street on his wheel in time to have avoided the accident; (4) that a person of ordinary intelligence and prudence, in the exercise of ordinary care, under the circumstances existing at the time and place of the accident, ought to have reasonably expected that the attempted passing of the defendant upon his bicycle by the plaintiff at the time might probably result in such injury to the plaintiff as occurred; (5) that the plaintiff was guilty of a want of ordinary care, which proximately caused or contributed to such collision; (6) that such collision and injury were not caused without any negligence on the part of either of the parties; (7) that they assessed the plaintiff's damages at $450.

Thereupon the defendant moved the court to set aside the third finding of the special verdict, for the reason that the same was not sustained by the evidence, but was contrary to the undisputed evidence in the case, and for judgment in favor of the defendant on the remainder of the special ver-

dict. At the same time the plaintiff moved the court to set aside the fifth finding of the special verdict, for the reason that it was not supported by the testimony in the case, but was contrary to such testimony and the law; and that the fifth finding was mere surplusage, and contrary to and inconsistent with the third finding of the special verdict; and for judgment in favor of the plaintiff upon the special verdict with the fifth finding thereof set aside; and, in case of the denial of such motion, then the plaintiff moved the court for an order setting aside the special verdict, and the whole thereof, and for a new trial of the action, upon the grounds: (1) That the fifth finding was not sustained by the evidence in the case, and was contrary to such evidence; and (2) that the fifth finding was inconsistent with the third finding of the special verdict; and (3) that the fifth finding was contrary to law and the instructions of the court pertaining thereto.

Thereupon the court overruled and denied the defendant's motion, " with costs," and entered an order accordingly, from which the defendant has appealed to this court. The court also entered an order overruling and denying the plaintiff's motion to set aside the fifth finding, and for judgment, but granted, " with costs," the plaintiff's motion to set aside the special verdict, and the whole thereof, and for a new trial of the action. From the order setting aside the special verdict and granting a new trial, the defendant appeals to this court.

As indicated in the statement, the jury, by the third finding, found that the plaintiff *could* not, by the exercise of ordinary care, under the circumstances, have seen the defendant in time to have avoided the accident. The question did not call for an answer as to whether the plaintiff ought to have seen the defendant, but whether he " could " have seen him by the exercise of ordinary care. The plaintiff testified to the effect that it was at the time sprinkling, and

that his umbrella was up as he passed west onto Thirteenth street; that he heard a noise sounding like a bell, and he then looked to the south, and about the same time was struck and knocked down; that he could not remember looking in either direction before starting to cross the street, nor before he heard the bell; that when he heard the noise he stopped and looked to the south; that he thought he did not step back, but that, if he was in the act of taking a step when he heard the noise, then the step was not taken. A witness testified in behalf of the plaintiff that he was at the time on the south side of State street, and seventy-five to one hundred feet west of Thirteenth street; that he saw the plaintiff coming with his umbrella, stooping down; that he heard the bicycle bell ring, and just then he heard the crash; that the defendant came down about the middle of the street, and seemed to be dodging around toward the east, to get around the plaintiff, when he ran into him. The defendant testified that there was an arc light at the corner of State and Thirteenth streets; that he saw the plaintiff when he came within sixty or sixty-five feet of him. Thus it appears that the plaintiff " could " have seen the defendant had he looked, and there is no evidence to support the finding that he could not. Whether he ought to have seen him by the exercise of ordinary care is another question.

Assuming that there is evidence to support the fifth finding, to the effect that the plaintiff was guilty of contributory negligence which was the proximate cause of the injury, then, if the whole verdict, except the third finding, had been allowed to stand, the defendant's motion for judgment should have been granted. But we must hold that the order denying that motion is not appealable. It certainly did not "prevent a judgment from which an appeal might be taken," and so does not come within the first subdivision of sec. 3069, Stats. 1898. As that section formerly read, it

might have been claimed that it involved the merits of the action, or some part thereof, and hence was appealable under the fourth subdivision of that section, as held in *Robinson v. Washburn*, 81 Wis. 404, and *Murphey v. Weil*, 86 Wis. 643. But the ground for taking such appeal has since been taken away by statute. Subd. 4, sec. 3069, Stats. 1898. We cannot hold that the fifth finding is contrary to the undisputed evidence. That is sufficiently indicated by the evidence 'referred to. Nor can we hold, as contended, that it is mere surplusage, nor that it is necessarily contrary to the third finding of the jury.

The rule of law is well settled that the granting of a new trial is very much in the discretion of the trial court, and that its order granting the same will not be reversed unless there clearly appears to have been an abuse of such discretion. The only exception to such rule is where it affirmatively appears upon the record that such order was based upon a misapprehension of the law. *McCann v. Ullman*, 109 Wis. 574, and cases there cited. We cannot say that it affirmatively appears from the record in this case that the setting aside of the verdict and granting a new trial was based upon a misapprehension of the law applicable to the case. *Id.; H. S. Benjamin W. & C. Co. v. Merchants' Exch. Bank*, 63 Wis. 470; *Kayser v. Hartnett*, 67 Wis. 250. Nor does it appear that the verdict was perverse. Nor can we say that such ruling was an abuse of such discretion. The order setting aside the verdict and granting a new trial is, however, erroneous, in that it imposes costs on the defendant. The general rule is that a verdict should only be set aside as against evidence, and a new trial granted, upon condition that the party obtaining the new trial shall pay the costs of the former trial. *Emmons v. Sheldon*, 26 Wis. 648; *Pound v. Roan*, 45 Wis. 129; *J. & H. Clasgens Co. v. Silber*, 87 Wis. 357; *Wilson v. Eau Claire*, 89 Wis. 47.

The trial court having failed to state in the order the rea-

sons for granting a new trial, the presumption is that it was granted because that court thought the verdict was against the weight of evidence; and in such case it is error not to impose terms. *Schraer v. Stefan*, 80 Wis. 653; *Garny v. Katz*, 86 Wis. 321; *Cameron v. Mount*, 86 Wis. 477. We must hold that the setting aside of the verdict and granting a new trial without requiring the plaintiff to pay the costs of the former trial was error.

*By the Court.*— The appeal from the order of the superior court of Milwaukee county denying the defendant's motion is dismissed; the order of the superior court of Milwaukee county setting aside the verdict and granting a new trial, " with costs," is reversed, and the cause is remanded with direction to enter an order granting such new trial upon the plaintiff paying the costs of the former trial, and for further proceedings according to law.