CADWELL B. BENSON, Appellant, *v.* EASTERN BUILDING AND LOAN ASSOCIATION OF SYRACUSE, N. Y., Respondent.

*Designation in a contract of the county in which an action against a party thereto shall be commenced — the action is "commenced" in the county designated in the summons and complaint.*

A provision in a contract, made by a building and loan association, which requires that any action brought against the association shall be "commenced" in a certain county is valid, and if an action is commenced against the association in a county other than that agreed upon, the association is entitled to a dismissal of the complaint.

The service of a summons upon the association in the county mentioned in the contract is not a compliance with the contract, as the action is "commenced" in the county designated in the summons and complaint.

APPEAL by the plaintiff, Cadwell B. Benson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oswego on the 8th day of November, 1899, upon the decision of the court rendered after a trial before the court without a jury at the Oswego Trial Term.

*D. P. Morehouse,* for the appellant.

*D. A. Pierce,* for the respondent.

Judgment affirmed, with costs, on the opinion of WRIGHT, J., delivered at Trial Term.

The following is the opinion of WRIGHT, J., delivered at the Oswego Trial Term :

WRIGHT, J. :

This action was tried before the court without a jury. At the close of the plaintiff's proof the defendant's attorney moved for a dismissal of the action on the ground that this court, while sitting in Oswego county, has no jurisdiction of this case for the reason that the parties to the contract have therein agreed upon the county of Onondaga as the place wherein any action should be commenced which may be brought in this court on the contract.

The contract provides that "any action brought against this Association shall be commenced   *   *   *   in the county of Onondaga."

" Where the statute authorizes a change of venue by stipulation, the jurisdiction of one court may be taken away, and the same vested in the other, by the agreement of the parties." (Works on Courts and Their Jurisdiction, 152; *Carpenter* v. *Shepardson*, 43 Wis. 406; *Bennett* v. *State*, 3 Ind. 167.)

And where the action is commenced in violation of the agreement in a county other than that which has been agreed upon in the contract, the defendant is entitled to a dismissal of the action. (*Greve* v. *Ætna Live Stock Ins. Co.*, 81 Hun, 28; *Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Daley* v. *People's Bldg., Loan & Savings Association*, decided by the Supreme Judicial Court of Mass., 59 N. E. Rep. 452; *Heslin* v. *Eastern Bldg. & Loan Assn. of Syracuse*, 28 Misc. Rep. 376.)

The object of this stipulation is to provide that litigation affecting the mutual rights of the parties shall be confined to the county wherein their transactions are recorded, and thus to avoid the expense, annoyance and inconvenience to the defendant of its officers being required to absent themselves from their duties and transport voluminous books to distant parts of the country, and to avoid the interruption of business incident thereto. It is a reasonable and judicious provision, founded on prudential business considerations. The learned counsel for the plaintiff urges that the agreement requires only that the summons shall be *served* in Onondaga county, and cites the first sentence of section 416 of the Code of Civil Procedure which provides that " A civil action is commenced by the service of a summons." But the following section, 417, provides that the summons must specify " the name of the county in which the plaintiff desires the trial," and section 481 of the Code provides that the complaint also must specify " the name of the county which the plaintiff designates as the place of trial." This designation in the summons and complaint determines the county in which the action is *commenced*. It is the county wherein the papers are filed, and wherein the action, after commencement, is to be *continued* until judgment. To hold that the action is not *commenced* in the county designated in the summons and complaint, but in the county wherein the summons happens to be *served*, and to hold that the action is to be *continued* in a county other than that in which it is *commenced* would be an incongruity.

Elementary text book writers and legal authorities habitually speak of the county wherein the action is commenced as the county designated in the summons and complaint as the place of trial.

Mr. Works, in Courts and Their Jurisdiction (p. 326), in speaking of the commencement of actions, says: " At common law, the venue must be laid in the proper county in local actions, or the court is without jurisdiction. * * * The effects resulting from the *commencement* of an action in the wrong county are very materially modified by the rule * * * that where the question is as to the jurisdiction of the person, a party may submit his person to the jurisdiction of the court by appearing therein and proceeding in the action." And on page 332 he says: " The common-law distinction between local and transitory actions, so far as it affects the place of commencing actions, * * * has ceased to exist under the codes."

In *Hancock* v. *Burton* (61 Cal. 70) it is held that, notwithstanding that the Constitution requires that actions affecting the title to real estate must be *commenced* in the county where the land is situated, a statute authorizing a change of venue is not unconstitutional. Under such a constitutional provision, to hold that the proper commencement of an action should be dependent upon finding the defendant in the same county wherein the land is situated and serving the summons on him there, would not be reasonable. Again, in cases where the defendant cannot be found within the State and personal service of the summons is made outside of the State, or by publication, in what county, according to the plaintiff's theory, is the action commenced?

It is, therefore, apparent that it cannot be held that the happening of the defendant to be in any particular county where the summons is served on him determines that to be the county wherein the action is commenced. The provision of the Code, cited by the plaintiff's counsel, relates only to the *method* of commencing an action and does not relate to the county wherein the action is commenced. Various methods are adopted for the commencement of actions. In California, Washington and several other States an action is commenced by the filing of the complaint in the office of the clerk of the court. In Arkansas, Colorado and the District of

Columbia it is commenced by the filing of the complaint with the clerk and the issuing of a summons. Several other States follow the New York method. (1 Ency. of Pl. & Pr. 120–141.)

The foregoing considerations lead to the inevitable conclusion that this court while sitting in Oswego county has no jurisdiction of this case.

Because the mistake in the practice necessitates the dismissal of the action it is unnecessary to consider the merits.

The action is dismissed, but only on the above-stated ground.