WOLFGRAM, Appellant, vs. TOWN OF SCHOEPKE, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*September 27—October 18, 1904.*

*Appealable orders: New trial: Discretion: Imposing terms: Jurors:*
*Verdict: When mistake can be shown.*

1. Under sec. 3069, Stats. 1898, an order denying plaintiff's motion to correct a special verdict and enter judgment thereon in his favor is not appealable, and an appeal therefrom will be dismissed.

2. When a new trial is granted without the imposition of terms, it raises a presumption that the court deemed the verdict perverse, which is overcome if the record discloses some evidence to sustain the verdict.

3. In such case, unless there is an abuse of discretion, the order will be sustained, except in respect of the failure to impose terms.

4. The rule which excludes jurors' testimony as to their conduct in the proceedings involved in reaching and agreeing upon the verdict, does not exclude their evidence as to what really was the verdict agreed upon in order to prove that it has not been correctly expressed.

5. The rule which does not allow jurors to impeach their verdict, applies to the agreement which the jury reached, and not to the written paper filed, intended to express that agreement.

6. Where, in answering a question of a special verdict: Was plaintiff guilty of any want of ordinary care which contributed to the injury he received? the jury inserted the answer "Yes," the trial court may properly receive and consider the affidavits of all the jurors, to the effect that they all agreed that the plaintiff was not guilty of any want of ordinary care, and that the insertion of the answer "Yes" instead of "No" was a mistake, and justifies the exercise of discretion in awarding a new trial.

7. In such case, plaintiff having appealed to the court's discretion, it is error to grant a new trial without the imposition of terms.

APPEALS from orders of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Dismissed on plaintiff's appeal; reversed on that of defendant.*

Action for personal injuries from a hole in a country highway, left by the town authorities in original construction by merely covering the same with poles. Special verdict of twenty questions returned by jury, finding all material facts in favor of the plaintiff, except that question No. 16, "Was plaintiff guilty of any want of ordinary care which contributed to injury he received?" was answered "Yes." Plaintiff produced affidavits of all twelve jurors to the effect that all the jurors agreed that plaintiff was not guilty of any want of ordinary care, and that the insertion of the answer "Yes" instead of the word "No" was a mistake. The foreman, agreeing with these facts, states that he intended to write answer to the sixteenth question so as to find that said plaintiff was not guilty of any want of ordinary care which contributed to his injury. Upon these affidavits the plaintiff moved, first, that the answer "Yes" to the sixteenth question

be stricken out, and the answer "No" be inserted in lieu thereof, and for judgment upon the verdict as so amended, basing the request also on the contention that there was no evidence to sustain the affirmative answer to that question. That motion was denied, from which denial the plaintiff appeals.

Thereupon plaintiff moved on minutes and said affidavits for a new trial. Defendant moved to strike out jurors' affidavits. The court entered its order reciting that the motion was based on a mistake in the verdict and on the lack of support from evidence, whereby it denied defendant's motion to strike out said affidavits, "excepting that said affidavits be received and considered only as tending to show that there was a mistrial by reason of a mistake by the jury in writing the answer to question No. 16," but rejecting said affidavits in as far as they "tend, generally, to impeach or contradict said special verdict." The court entered further order granting plaintiff's motion to set aside the verdict and awarding a new trial, no costs being imposed on either party. From that order the defendant appeals.

For the plaintiff there was a brief by *John Barnes,* attorney, and *E. D. Minahan,* of counsel, and oral argument by *Mr. Barnes.*

*A. W. Shelton,* for the defendant.

DODGE, J.   There can be no doubt that the order denying plaintiff's motion to correct the verdict and enter judgment in his favor is excluded from those which are appealable by sec. 3069, Stats. 1898. Its appealability is contended for under subd. 1 of that section, and, obviously, no other can have application. But, however much it may affect a substantial right, as pointed out in *Murphey v. Weil,* 86 Wis. 643, 57 N. W. 1112, it did not determine the action, nor prevent a judgment from which the plaintiff might have appealed. If the court committed error in refusing to amend the verdict

upon the affidavits of the jurors, that question plaintiff could have saved and brought before us for review upon an appeal from a judgment in favor of the defendant, which, doubtless, must have followed this verdict as it reads. The nonappeal-ability of such an order is, however, settled by *Mills v. Conley,* 110 Wis. 525, 530, 86 N. W. 203. Counsel for plaintiff takes issue with one statement made in that case, however, to the effect that an appeal from a similar order was sustained in *Murphey v. Weil* under the fourth subdivision of sec. 3069, as it existed at that time, but not at the time of the appeal in *Mills v. Conley.* That subdivision gave an appeal from any order "when it involves the merits of an action or some part thereof." Counsel contends that appealability of the order in *Murphey v. Weil* was not predicated upon that subdivision, but upon subd. 1, because the court said that the order "affected a substantial right." This, however, was obviously no more than the use of the latter expression, albeit appearing in subd. 1 as an equivalent for that above quoted from subd. 4. If, however, *Murphey v. Weil* must, as plaintiff contends, be read to assert appealability of such an order under subd. 1, it is effectively overruled by *Mills v. Conley,* which is clearly correct, for subd. 1 does not give appealability to an order merely because it affects a substantial right, but only when it also, in effect, determines the action, and prevents a judgment from which an appeal might be taken. There is no escape from the conclusion that plaintiff's appeal must be dismissed.

Turning now to defendant's appeal from the order granting a new trial, we are confronted by the not unusual uncertainty as to the grounds on which it was awarded. That uncertainty is narrowed somewhat by the order itself, which declares the motion to have been urged, first, because of mistake in writing out answers to special verdict; and, secondly, because verdict was not supported by evidence. This second ground is still uncertain, for it is contended here, as also doubtless

below, both that there was no evidence of contributory negligence, and that the evidence so preponderates against such fact that the court should, in its discretion, have set aside a finding of contributory negligence. Doubtless we should solve this uncertainty in favor of the former ground because of the nonimposition of terms, which raises a presumption that the court deemed the verdict perverse, if that view is reasonably possible in light of the evidence; for when a new trial is granted in the field of discretion it is so far in the nature of a favor to the moving party that the trial court should impose some reasonable terms as a condition. *Mills v. Conley,* 110 Wis. 530, 86 N. W. 203; *Port Huron E. & T. Co. v. Clements,* 113 Wis. 249, 258, 89 N. W. 160; *Giese v. Milwaukee E. R. & L. Co.* 116 Wis. 69, 92 N. W. 356; *Collins v. Janesville,* 117 Wis. 415, 424, 94 N. W. 309; *Second Nat. Bank v. Smith,* 118 Wis. 18, 24, 94 N. W. 664. We cannot, however, indulge that presumption here, for an examination of the record discloses some evidence from which conclusion of contributory negligence might be drawn, albeit contradicted, and that, too, so preponderantly as to warrant the trial court in deeming justice to require a new trial. The defect was an old excavation, approximately three feet square and three feet deep, in the course of a newly opened road. It was covered with split tamarack poles. A traveled track of disputed clearness and persistency passed around it, with wheel tracks from one foot to two and a half feet away. Its perceptibility from a wagon was affirmed and denied. The road was a new and poor one, over which plaintiff was driving for the first time, and in broad daylight, and was watching the road. We cannot say that reasonable minds might not differ as to whether the plaintiff saw or ought to have seen this peril, or exercised ordinary care in driving so close that his wheels cut into it. We must therefore conclude that, if the court did not act exclusively upon the mistake in writing answer to the special verdict, he granted the new trial because he believed

the evidence to so preponderate against the finding as to make such an order proper to guard against injustice. If he did so, we are not prepared to think there was any abuse of discretion, but that his order should be sustained, except in respect of the failure to impose terms on plaintiff.

It is, however, probably true that the new trial was granted because the court was convinced by the jurors' affidavits that the written verdict did not express the conclusion of the jury, and that the peril of injustice from entry of judgment for defendant was so great that, in exercise of the discretion vested in him, a new trial ought to be had. This view presents the question whether the affidavits of jurors could be received as evidence of the facts they state. The general rule is very ancient, and often reiterated, that the statements of the jurors will not be received to establish their own misconduct or to impeach their verdict. *Edmister v. Garrison,* 18 Wis. 594, 603. An excellent collection and analysis of decided cases will be found in *Woodward v. Leavitt,* 107 Mass. 453. From this it appears that the early idea was that of secrecy in their deliberations, and, further, the impropriety of receiving jurors' statements as to their mental processes, whether to impeach or support their verdict. This rule, in its application, has been subjected to much of refinement and qualification by different courts, involving conflict of *dicta* and of actual decision which it would not be profitable to review in detail nor possible to harmonize. The necessity of some limitation to the general rule against receiving statements of the jurors is declared in *McBean v. State,* 83 Wis. 206, 209, 53 N. W. 497. In some cases the rule is limited to things which transpire in the jury room or in court, but it will be found in most of those cases also limited to matters involved in reaching the verdict. This limitation was recognized and applied in *Hempton v. State,* 111 Wis. 127, 145, 86 N. W. 596; *Roman v. State,* 41 Wis. 312; *Schissler v. State,* 122 Wis. 365, 99 N. W. 593; *Peppercorn v. Black*

*River Falls,* 89 Wis. 38, 41, 61 N. W. 79; *Mattox v. U. S.* 146 U. S. 140, 13 Sup. Ct. 50. In line with the same idea are a number of decisions drawing a distinction between the proceedings involved in reaching and agreeing upon the verdict and the mere act of expressing it, either orally or in writing. The following cases recognize such distinction, and hold that the reasons excluding jurors' testimony as to their conduct in the former stage do not exclude their evidence as to what really was the verdict agreed on in order to prove that it has not been correctly expressed, through mistake or otherwise: *Cogan v. Ebden,* 1 Burrows, 383; *Roberts v. Hughes,* 7 Mees. & W. 399; *Little v. Larrabee,* 2 Greenl. 37; *Weston v. Gilmore,* 63 Me. 493; *Peters v. Fogarty,* 55 N. J. Law, 386, 26 Atl. 855; *Jackson v. Dickenson,* 15 Johns. 309; *Dalrymple v. Williams,* 63 N. Y. 361; *Hodgkins v. Mead,* 119 N. Y. 166, 23 N. E. 559; *Capen v. Stoughton,* 16 Gray, 364; *Pelzer Mfg. Co. v. Hamburg-B. F. Ins. Co.* 71 Fed. 830. Several of these cases were cited with approval of this very distinction in *McBean v. State, supra.* Against their doctrine we find *Polhemus v. Heiman,* 50 Cal. 438, *Murphy v. Murphy,* 1 S. Dak. 316, 47 N. W. 142, and *McKinley v. First Nat. Bank,* 118 Ind. 375, 21 N. E. 36. Of these, the first two seem to be controlled by local statutes, and are therefore not persuasive. The Indiana case, however, squarely denies the admissibility of jurors' testimony to prove that the written answer to a special question was the reverse of the agreement in fact reached. This view is based on the rule that jurors cannot "impeach their own verdict." But is it an attempt to impeach their own verdict? That depends on the sense in which that word is used. Is the written paper filed, or the agreement which the jury reach, the verdict? We think the latter is what is intended when we say the jurors cannot impeach it. The former, like most records or writings, is but the expression or evidence of some mental conception. Hence it may well be said that a showing that such

writing is not correct is not impeachment of the verdict itself. The repudiation of written expressions, when, by mistake, they fail to express the intention or mental concept, is familiar in the law. A writing is not a contract when it fails to express that on which the minds of the parties met, and courts freely exercise power to correct· mistakes when the proof leaves no doubt that the real contract was something else. That which decides the rights of parties litigant is the unanimous agreement of the jurors. Each party is entitled to such judgment as results from that agreement. Any other is presumptively unjust, and any rule that necessitates it is unreasonable, unless supported by considerations of public policy, or of such danger from opening the door to investigation that wrong is likely to be done oftener than the right promoted. We are· persuaded that the reasons which should exclude a juror from showing that he made a mistake in reaching his conclusion (see *Murdock v. Sumner,* 22 Pick.· 156) do not extend to a showing that the words used in conveying it to the court, or enrolling it on the records, by mistake of the person uttering or writing them, fail to express the conclusion reached by all the jurymen. Of course, the showing of the latter fact must be clear beyond peradventure; at least to warrant a change in the written verdict and final judgment thereon. If the slightest doubt lurks in the mind of the court, he should confine relief to the granting of a new trial, which, of course, he may always order when there is reasonable cause to believe that the judgment will do injustice. Some courts incline to the view that a new trial is the only relief after the jury have separated. *Little v. Larrabee, supra; Weston v. Gilmore,* 63 Me. 493. But the clear weight of authority is that, upon sufficiently clear showing of the mistake, and of what was the verdict agreed on and intended to be expressed, the court may substitute a true expression for the incorrect one, and enter judgment accordingly. See *Cogan v. Ebden, supra; Peters v. Fogarty, supra; Dalrymple v. Williams,*

*supra; Hodgkins v. Mead, supra; Pelzer Mfg. Co. v. Hamburg-B. F. Ins. Co., supra.*

We conclude, therefore, that the trial court properly received and considered the affidavits of the jurors in this case; that they at least sufficed to satisfy the court of great danger of injustice being done by entry of judgment in accordance with the written verdict, and therefore justified him in exercising his discretion to relieve plaintiff from the predicament in which he stood by awarding him another trial. Whether such affidavits made so plain a case as to entitle plaintiff to correction of the verdict and judgment in his favor is a question not open to plaintiff on this appeal. Plaintiff might probably have raised it had he refrained from motion for new trial and appealed from a judgment in defendant's favor. When, however, he made the latter motion, he appealed to the court's discretion to relieve him from the adverse situation which, while not due to his fault or mistake, was due neither to any misconduct of the jury nor error of the court. He had no absolute right to such relief, but merely to have the court exercise a judicial discretion whether it ought to be accorded him. The situation does not fall within any of those where it is held proper to grant the relief without terms, under the authorities on the subject above cited. We are brought to the conclusion, therefore, that the court committed no error in awarding new trial; but, whether it was granted because the verdict, as filed, was against the weight of evidence or was impugned by the affidavits of the jurors, error was committed in failing to impose reasonable terms as a condition. What those terms should be is a subject for consideration primarily by the trial court.

*By the Court.*—Plaintiff's appeal is dismissed. Upon defendant's appeal the order is reversed, and cause remanded with directions to embody in the order granting new trial the payment of reasonable terms by plaintiff as a condition.