Kuecker, Respondent, vs. Paasch, Appellant.

*December 5, 1951—February 5, 1952.*

For the appellant there were briefs by *Godfrey & Godfrey* of Elkhorn, and oral argument by *Alfred L. Godfrey.*

For the respondent there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf.*

FAIRCHILD, J. The appellant challenges the correctness of the ruling of the trial court in correcting the verdict by changing the answers from "No" to "Yes" with relation to causal negligence resulting from the clerical error of the jury forewoman in recording the verdict. The affirmative answers, having been established to be the answers of the

jury, beyond question sustain the jury's verdict as to causal negligence. Where it clearly appears that the case was properly submitted to the jury and that the correction of the verdict as presented was required as a matter of law, the appellant has been deprived of no right by the correction. *Wolfgram v. Schoepke,* 123 Wis. 19, 100 N. W. 1054; *Koss v. A. Geo. Schulz Co.* 195 Wis. 243, 218 N. W. 175; *Brophy v. Milwaukee E. R. & T. Co.* 251 Wis. 558, 30 N. W. (2d) 76.

We find no error in the record which would permit us to interfere with the final judgment as entered. The plaintiff, under the established rule governing options, has accepted the benefit of certainty of recovery rather than submit his case to another jury. We find no occasion for the assertion that he was prejudicially treated by any ruling of the trial court.

After a discussion of the merits of the points involved upon the appeal had been entered into, and when the matter was fully before the court, our attention was called to the fact that a defect in the notice of the appeal existed; and at that time the attorney for the respondent asked to have the appeal dismissed. We, however, in view of sec. 269.51 (1), Stats., continued with the hearing of the case upon the merits. We enter into no discussion over the matter at this time, because we have reached a conclusion on the merits which affirms the judgment; and were a dismissal of the appeal to occur, the results would not be essentially different.

Also upon the oral argument in this court there was a suggestion that the special verdict of the jury in this case was inconsistent because the jury, while finding no causal negligence in respect to plaintiff, did ignore the instruction of the trial court and answered the comparative negligence question, finding that the plaintiff's negligence was twenty

per cent and the defendant's negligence eighty per cent. However, the defendant, in a motion after verdict, set forth the grounds on which he claimed to be entitled to a new trial but did not mention this part of the verdict as a reason for granting a new trial. It is also true that the subject of inconsistent verdict is not mentioned in the defendant's brief. The matter not having been raised timely we conclude that the question of inconsistent verdict is not before us on this appeal.

*By the Court.*—Judgment affirmed.