HIGGINS, Respondent, vs. STANG and others, Appellants.

*March 8—April 3, 1928.*

*Automobiles: Failure to keep proper lookout: Perverse verdict: New trial: Instruction as to false swearing: Prejudicial remarks of counsel.*

1. In an action by a guest in an automobile for injuries sustained when the automobile ran into the rear end of a parked truck of defendants, a finding of the jury that the driver of the car was not guilty of any negligence in its management and operation, and that he failed to keep a proper lookout, but that such failure was not the proximate cause of the injury, is *held* to show perversity or want of understanding in the jury's findings. p. 501.

2. An erroneous instruction that the jury may disregard all the testimony of any witness who has sworn falsely and whose testimony has not been corroborated by other testimony is *held* prejudicial in view of the mass of disputed testimony with reference to where the truck stood when struck and as to the speed of the automobile and its position on the highway. pp. 502, 503.

3. 'Argument of plaintiff's counsel that all the gold and finances in all the banks in the world and all the money that financed

the World War would not compensate plaintiff for his injuries was prejudicial in view of the amount of damages assessed, and was not cured by the statement by the court that the attorneys were to confine themselves to the facts and that the jury was not to consider arguments going outside of the evidence. pp. 503, 504.

APPEAL from a judgment of the county court of Waukesha county: D. W. AGNEW, Judge. *Reversed.*

Action to recover damages sustained in a collision between an automobile in which plaintiff was riding in the rear seat as a guest and one of defendant's trucks, which was standing heading in an easterly direction south of the center line of the highway near Pewaukee. It is claimed by the defendants *Stang* and *Stesske* that the truck was standing almost entirely on the graveled shoulder on the south side of the road, while it is claimed by the plaintiff that it was standing entirely on the concrete south of the center of the road. The accident occurred about half-past 11 in the afternoon of October 23, 1926. The automobile going east struck the rear end of the truck, and a passenger seated in the front seat to the right of the driver, *Phillips,* was instantly killed. The automobile was badly injured and the truck was thrown forward and to the right and was found almost across the limits of the highway. The jury found as follows:

"(1) Did the defendant *Harry Phillips* fail to exercise ordinary care in the operation and management of his automobile just before and at the time and place of the collision in question? *A.* No.

"(2) If you answer question No. 1 'Yes,' then you will answer this question. If you answer question No. 1 'No,' then you need not answer this question: Was such failure to exercise ordinary care a proximate cause of the collision? *A.* ——.

"(3) Did the defendant *Harry Phillips,* at and immediately prior to the collision, fail to exercise ordinary care in respect to the speed at which he operated his automobile? *A.* No.

"(4) If you answer question No. 3 'Yes,' then you will answer this question. If you answer question No. 3 'No,' then you need not answer this question: Was such failure a proximate cause of the collision? *A.* ———.

"(5) Did the defendant *Harry Phillips* fail to exercise ordinary care with respect to the lookout kept by him ahead of and about him as he approached the place of the collision? *A.* Yes.

"(6) If you answer question No. 5 'Yes,' then you will answer this question. If you answer question No. 5 'No,' then you need not answer this question: Was such failure to keep a proper lookout a proximate cause of the collision? *A.* No.

"(7) Did the truck drivers, *Stang* and *Stesske,* fail to exercise ordinary care in the use of the highway at the time and place in question? *A.* Yes.

"(8) If you answer question No. 7 'Yes,' then you will answer this question. If you answer question No. 7 'No,' then you need not answer this question: Was such failure to exercise ordinary care a proximate cause of the collision? *A.* Yes.

"(9) Did the driver of the east-bound truck, at the time and place in question, park or leave said truck upon the highway in such a manner as to interfere with the free passage of vehicles over and along such highway? *A.* Yes.

"(10) If you answer question No. 9 'Yes,' then you will answer this question. If you answer question No. 9 'No,' then you need not answer this question: Was the act of the driver in parking or leaving said truck in said manner a proximate cause of the collision? *A.* Yes.

"(11) Did the owner of the east-bound truck fail to provide said truck with sufficient lights of such design and so adjusted and operated as to render the use of the highway by other vehicles at the time and place of the collision safe for all users thereof? *A.* Yes.

"(12) If you answer question No. 11 'Yes,' then you will answer this question. If you answer question No. 11 'No,' then you need not answer this question: Was such failure a proximate cause of the collision? *A.* Yes.

"(13) Did any want of ordinary care on the part of the plaintiff, *James Higgins,* proximately contribute to produce his injury? *A.* No.

"(14) If the court should be of the opinion that the plaintiff, *James Higgins,* is entitled to recover, what sum will fairly and reasonably compensate him for the damages sustained by him:

"First, for professional medical care and attention. *A.* $787.50.

"Second, for personal injuries. *A.* $14,000."

Upon motion duly made the court changed the answer to question No. 1 from "No" to "Yes," and found in answer to question No. 2 that *Phillips'* failure to exercise ordinary care in the operation and management of his automobile was the proximate cause of the injury. The court also changed the answer to question No. 6 from "No" to "Yes." Upon the verdict so amended judgment was entered in favor of the plaintiff for the damages found by the jury, from which judgment the defendants appealed.

For the appellants *Stang* and *Stesske* there was a brief by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *F. E. McGovern.*

*Rodger M. Trump* of Milwaukee, for the appellant *Phillips.*

For the respondent there was a brief by *Hanley & Hanley* of Milwaukee, attorneys, and *Henry Lockney* of Waukesha, of counsel, and oral argument by *Mr. Lockney* and *Mr. Cornelius Hanley.*

VINJE, C. J. The case is an important one and necessarily a great deal of evidence was taken. It will not, however, become necessary to review much of the testimony or to discuss any but procedural errors. We conclude that the case must be reversed because it shows either perversity or such a lack of understanding on the part of the jury as to make it certain the defendants have not had a fair trial. The remarks of counsel to the jurors as to damages are so prejudicial, and such prejudice is so clearly reflected in the amount of damages assessed, that the judgment must be set aside. But the main ground upon which we must reverse the judg-

ment is the error of the court in instructing the jury on the subject of false swearing. The testimony shows conclusively that the truck which plaintiff's driver ran into was standing on the south side of the middle line of the highway, either at or near the center of the concrete, or, as defendants claimed, with only the left or north wheels of the truck standing on the concrete and the south or right wheels of the truck standing out near the edge of the graveled shoulder. It is clearly established that the truck was equipped with a red tail light that could be seen for several hundred feet, and it is also clearly established that the driver of an automobile coming from the west could see the truck for a distance of several hundred feet.

Plaintiff's testimony is to the effect that the driver was proceeding eastward at a speed not exceeding twenty miles per hour. That he ran into the rear end of the truck is unquestioned. The jury found that he was not guilty of any negligence in the management and operation of his car. They did find, however, that he failed to keep a proper lookout, but that such failure was not the proximate cause of the injury. It needs but a statement of these facts to show that if true the jury was perverse in its answers, especially in failing to find that the failure to keep a proper lookout was not a proximate cause of the accident. It is true the court corrected these findings, but they nevertheless show the attitude of the jury towards the parties in the case. The testimony as to the speed of plaintiff's automobile at the time of the collision varies from fifteen to fifty or more miles per hour. We refer to this variance in the testimony to show what effect the court's charge to the jury as to false swearing may possibly have had upon the jury.

On the subject of false swearing the court instructed the jury as follows:

"If you should find from a careful consideration of the testimony in this case that any of the witnesses who have

testified have sworn falsely and that their testimony has not been corroborated by other testimony, you may disregard all the testimony that such witness submitted."

Counsel for appellants point out the errors of this instruction as follows:

"(a) The witness must have *wilfully* sworn falsely to come within the ruling; (b) the wilfully false testimony must be in relation to a *material matter;* (c) the corroborating evidence that may except one from the operation of the rule must be *credible;* (d) the discredit, when a case comes within the rule, is not of all of the testimony of such witness *submitted,* but only of the testimony not corroborated by other *credible* evidence."

In view of the mass of disputed testimony with reference to where the truck stood when it was struck by the automobile and as to the speed of the automobile and its position upon the highway, we deem that this instruction was not only erroneous but prejudicial to the defense. It permitted the jury to select just such testimony as it saw fit, irrespective of the rules of law applicable to the credibility of testimony.

One of the counsel for the plaintiff, in arguing the question of damages to the jury, said:

"Take all the money that financed the great World War; take all the gold and finances in all of the banks of the world and pile it up and lay it at the feet of *Mr. Higgins* and offer him, and it would not compensate him for the injuries he sustained."

Upon objection being made to this line of argument the court said:

"I will instruct all of the attorneys who are about to argue to the jury to confine themselves to the facts that are germane to the case, and the jury knows what the testimony is and are not to consider any arguments made by any of the attorneys, including the present one, where they go outside of the evidence offered on the trial of the case."

This was not such a ruling upon the arguments made as defendants were entitled to. The court should have expressly instructed the jury that the remarks were not proper and that they should disregard them, and it is questionable if even then the error would have been cured. *Taylor v. Chicago & N. W. R. Co.* 103 Wis. 27, 79 N. W. 17. In view of an assessment of $14,000 damages for personal injuries, we cannot say that the prejudicial effect of the argument of counsel is not reflected in the assessment of damages.

We forbear to speak more in detail upon this question, as upon a retrial the evidence will undoubtedly be different than what it was in the past trial, at least a great deal of time will have elapsed since the testimony was taken on the first trial, which showed that the results of the injury were problematical, depending upon what medical relief would effect as time progressed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.