LARSON, Plaintiff, vs. HANSON, Defendant.   [Cross-appeals.]

*March 7—April 5, 1932.*

For the plaintiff there was a brief by *Slensby & Zaidins,* attorneys, and *W. B. Rubin* of counsel, and oral argument by *Leo W. Slensby* and *Winfield C. Zabel,* all of Milwaukee.

For the defendant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* and *James T. Guy* of counsel, all of Milwaukee, and oral argument by *Mr. Quarles.*

The following opinion was filed April 5, 1932:

WICKHEM, J. The defendant's appeal is from "that part of that certain order made and entered in this action . . . which orders a new trial and denies defendant's first motion that the answer to the first question of the special verdict be changed from 'Yes' to 'No,' and for judgment on the verdict as so changed, and denying defendant's second motion for judgment notwithstanding the verdict."

The portions of the order which deny defendant's motion to change the answers and for judgment on the verdict as changed, and which further deny defendant's motion for judgment notwithstanding the verdict, are not appealable. *Treat v. Hiles,* 75 Wis. 265, 44 N. W. 1088; *Mills v. Conley,* 110 Wis. 525, 86 N. W. 203; *Wolfgram v. Schoepke,* 123 Wis. 19, 100 N. W. 1054; *Butteris v. Mifflin & Linden M. Co.* 133 Wis. 343, 113 N. W. 642; *Ripon Hardware Co. v. Haas,* 141 Wis. 65, 123 N. W. 659; *Puhr v. Chicago & N. W. R. Co.* 168 Wis. 101, 169 N. W. 305.

Nor can defendant's appeal from the order granting a new trial be sustained. Upon the verdict the defendant moved in the alternative, first, to change the answers to the special verdict and for judgment upon the verdict as so changed; second, for judgment notwithstanding the verdict; and third, if these motions be denied, for a new trial. The order for a new trial was made in accordance with defendant's motion.

In commenting upon a similar situation, this court, in *Treat v. Hiles, supra,* said:

"This is precisely the relief the plaintiffs asked. Considering only the form of the order, the appeal cannot be

sustained, for certainly the plaintiffs cannot attack by appeal an order made at their request. It is immaterial that such request was in the alternative. We are inclined to think, however, that the appeal should be construed to be from the portion of the order which denies the plaintiffs' motion for judgment."

The court thereupon proceeded to apply the rule heretofore stated, that an order denying a motion for judgment upon a verdict is not appealable. To the same effect see *Ripon Hardware Co. v. Haas,* cited *supra.* It follows that defendant's appeal must be dismissed.

Upon plaintiff's appeal from the order granting a new trial, the sole question is whether the trial court abused its discretion. The decision of the trial court indicates that a new trial was granted in the interests of justice. The extent of the review of such orders in this court, and the circumstances under which they will be disturbed, have so recently been discussed as to call for no further exposition. *Mellor v. Heggaton,* 205 Wis. 42, 236 N. W. 558; *Sichling v. Nash Motors Co., ante,* p. 16, 238 N. W. 843. We think there was no abuse of discretion here. The damages in this case were clearly high. The injury was a transverse fracture of the femur. Plaintiff was in the hospital for a period of about five months. He suffered considerable pain. He walked on crutches for four or five months after he left the hospital, on one crutch and a cane for two months, with two canes for a month or more, and has used a single cane ever since. At the time of the trial he still experienced inconvenience in sitting erect in a chair, because of the stiffness of the hip. While the situation will improve, there has resulted a permanent shortening of the leg to the extent of one inch, and a fifty per cent. permanent functional impairment. The amount of the damages awarded was $14,500. It is not necessary to determine whether such an award would have been sustained by this court had the trial court entered judg-

ment upon the verdict. It is clear that the damages are extremely high for such an injury, and that the size of the verdict could justifiably engender in the mind of the trial court a feeling that justice had not been done by the verdict.

In the course of his argument counsel for plaintiff made the following statement to the jury: "There is not a man of you that would trade his left hip for $30,000." The statement was objected to by defendant, and the court immediately instructed the jury to disregard it. This statement clearly constituted improper argument. *Higgins v. Stang,* 195 Wis. 498, 218 N. W. 832; *Lehner v. Chicago, M., St. P. & P. R. Co.* 204 Wis. 558, 236 N. W. 572. As in the case of the damages, it is not necessary to decide whether, had the trial court approved the verdict, this court would have set aside the verdict because of the improper argument to the jury. Even if this court might have held in such a situation that the immediate instruction of the trial court to disregard the statements avoided the necessity of a reversal, we think there was ground for the trial court to come to the conclusion that his warning to the jury to disregard the statements had not been effective to counteract their prejudicial effect, in view of the extremely high damages that were awarded. We think it clear that the record discloses grounds upon which the trial court could justifiably come to the conclusion that justice had not been done. It follows that there was no error in granting a new trial.

*By the Court.*—The appeal by defendant is dismissed. Upon the appeal of the plaintiff the order is affirmed and the cause remanded for further proceedings according to law.

The following memorandum was filed April 18, 1932:

PER CURIAM. Mandate amended by adding thereto the following: No costs to be allowed either party. Defendant to pay the clerk's fees.