GEORGESON, Plaintiff and Respondent, vs. NIELSEN and another, Defendants and Appellants: DENNIS, Interpleaded Defendant and Respondent.

*March 7—April 30, 1935.*

For the appellants there was a brief by *Ray C. Dempsey* of Oshkosh and *Gustav Winter* of Antigo, and oral argument by *Mr. Dempsey.*

For the respondents there was a brief by *Earl J. Plantz,* attorney for Earl Georgeson, and *Vernon J. McHale,* attorney for Frank Dennis, both of Antigo, and oral argument by *Mr. Plantz.*

FOWLER, J.   The appellants contend, (1) that Dennis was guilty of negligence as a matter of law for not stopping his car in time to avoid a collision; (2) that the damages assessed in favor of the plaintiff are excessive; (3) that the court erred in its instructions; and (4) that a new trial should be ordered because of remarks of counsel in argument to the jury.

(1) The contention here made that Dennis was guilty of negligence as matter of law was squarely presented when the case was first before us.   It is stated in our former opinion, 214 Wis. 191, 252 N. W. 576, that "Nielsen has moved for a review of the court's action in refusing to change the answers" to the question relating to the negligence of Dennis. This motion was held to be "without merit."   This ruling became the law of the case.   The law upon a proposition involved being once declared upon a review of a judgment remains the law of the case in all subsequent trials and reviews, unless for obvious and compelling reasons not here present it is departed from.   *McGovern v. Eckhart,* 200 Wis. 64, 227 N. W. 300.   The ruling upon our first review was taken deliberately and considerately.   It was not based on any mis-

conception of the law or the evidence. It therefore governs the proposition here under consideration.

(2) It is contended that the damages of $10,000 awarded to the plaintiff are excessive because based upon the fact that a goiter developed after the plaintiff's injuries were received, which caused the major portion of plaintiff's damages, and that no causal connection was shown between the physical injuries received at the time of the collision and the development of the goiter. Three physicians gave it as their opinion that causal connection existed. None disputed it. If that connection existed, the damages were not excessive, as sufficiently appears from the statement of counsel for the defendant Dennis hereinafter quoted.

(3) The court concluded a paragraph of his instructions relating to the negligence of Dennis, which properly called particular attention to several items of evidence the jury should consider in determining that question. The last item stated was: "And the defendant Dennis' ability, acting with ordinary care, to stop his car and trailer attached under the conditions then present." To this was added, *"if required to do so by a situation not produced by another's negligence."*

The portion of the instruction objected to is that in italics at its end. The matter there referred to as negligence of another is the sudden stopping of the automobile ahead of Dennis. The jury found that this stopping constituted negligence because of insufficient space to the left on the roadway, and that the suddenness of the stopping without warning was also negligence. Thus, ordinary care in the control of his car by Dennis to avoid a collision was, in the language of the italicized portion of the instruction, "required by the negligence of another." This portion of the instruction is objected to as implying that Dennis was not required to act with ordinary care to avoid a collision because the situation was produced by the negligence of another. Perhaps such inference might be drawn. The addition of the italicized portion of the instruction was unfortunate. The instruction

was complete and correct without it. The false impression possible to be created by it if it stood alone was perhaps obviated by other portions of the charge, but this we need not determine, as a new trial is considered necessary for the reasons below stated, and if the same instruction is given on retrial the clause objected to will be omitted.

(4) The remarks of counsel in argument to the jury laid as ground for declaring a mistrial were as follows: Mr. McHale, counsel for the defendant Dennis, made certain statements to which Mr. Dempsey, counsel for the defendant Nielsen and his insurer, objected. The reporter was called to take down the remarks, and Mr. McHale repeated them:

". . . I don't want you in view of the testimony in this case to pile one bit of the blame on this boy Dennis. It may be true members of this Jury that Mr. Georgeson is suffering at the present time from an enlarged heart, as a result of this accident. I don't want your verdict to find my client in any sense of the word responsible for the condition of that man's heart. It may be true members of this Jury that veritable death stalks the steps of that man, as told to you by the doctors. I don't want you by your verdict to lay the blame for that on this helpful friend, young Dennis. It may be members of the Jury that this man's life, you might say his active life has been taken, and that he will remain forever a cripple. If you find by your verdict that that boy who was trying to help him out, young Dennis was partly to blame, he can carry it on his shoulders the rest of his life, when he merely tried to help out a friend. You could if you wanted to, bring in a verdict against young Dennis, if it was made up for a million dollars and they wouldn't collect a penny."

The court at conclusion of the repetition said: "Objection sustained. Strike it out and the jury instructed to disregard it."

During the argument of Mr. Plantz, counsel for plaintiff, the record shows the following:

"By Mr. Dempsey: I object to the statement that if they find Dennis negligent they will regret it—I object to the

statement of counsel that they will regret it, as improper and prejudicial to the Ohio Casualty Company, and other defendants in this action.

"By the Court: I will instruct the jury to disregard it.

"By Mr. Plantz: It is unfair under this evidence to deprive this boy of the damages to his car and hang the blame onto him, or any part of it, when you have the facts in this case. You should answer these questions as I suggested before, which means effectually that the first three questions should be answered 'Yes.'"

The situation is one that all too frequently arises. A remark is made by counsel, known by him to be improper, and made with intent and expectation that it will improperly influence the jury to the advantage of his client and the disadvantage of the opposing party. No extraneous evidence is needed to establish such intent. If such result is not intended, why are such remarks made? Objection to the remark by opposing counsel enhances likelihood that the intended effect will be produced, both by attracting attention to it and by invoking a repetition. The remark being made, or made and repeated, the intended effect is probably produced, and the court's mere formal sustaining of the objection to it and telling the jury to disregard what they have already regarded can avail little toward destroying the effect thus probably produced. Even a reprimand to offending counsel "does not cure the wrong done to litigants" by prejudicial remarks. *Corti v. Cooney,* 191 Wis. 464, 472, 211 N. W. 274. Here there was no reprimand. With more reason may it be said that the homeopathic dose here administered by the trial court did not effect a cure.

Much has been said by this court about this pernicious practice, but little has been accomplished toward abating it. The trial judge in the instant case in a written opinion states that he gave considerable thought to the remarks of counsel above quoted, and by reason of the matter was somewhat troubled in arriving at a decision of the motion for a new trial

because of them. He states that the remarks by both counsel were erroneous, and that he was unable to say whether the remarks had any effect upon the jury. He closes his statement with a quotation from the case of *Lehner v. Chicago, M., St. P. & P. R. Co.* 204 Wis. 558, 563, 236 N. W. 572:

"It does not affirmatively appear that it operated to the prejudice of the defendant either by inducing the determination of the jury upon the issue of negligence or by inducing an excessive verdict."

In reliance upon the quoted statement by which he stated he "must be guided," the trial judge denied the motion for a new trial. Apparently he would not have done so but for such reliance. It would seem from statements made by the trial judge in the course of his opinion that his reliance was misplaced. He states, as the fact is, that the question of the negligence of Dennis was "close." In the *Lehner Case, supra,* the question of the defendant's negligence was not close. The evidence here appears to us to preponderate greatly toward the negligence of Dennis, although we concede that it raised a jury question. His negligence was a controlling matter, not only upon his own counterclaim for damages, but upon the amount of the plaintiff's recovery from Nielsen and his insurer. For Dennis was the agent of the plaintiff in driving the truck, and his negligence was imputable to the plaintiff, as we held in our former decision. Under the comparative negligence statute the recovery from Nielsen is decreased in proportion to the negligence attributable to Dennis. Counsel for the plaintiff was obviously aware of this, and his solicitude for Dennis and his appeal to the jury in his behalf, which were very likely considered by the jury to be wholly disinterested and motivated solely by unselfish desire that justice be done him, were manifestly made for the advantage of his own client. There was thus a "ganging up" of counsel for the plaintiff and Dennis against the counsel for the defendants that made their erroneous re-

marks doubly effective. The tendency of the erroneous remarks as a whole was toward swaying the jury to disregard the evidence and relieve Dennis from negligence. The remarks of Mr. McHale carried a direct implication that a finding of negligence against Dennis would be futile, because it could not be collected, and this pointed clearly to the inference that the plaintiff and Dennis carried no indemnity insurance. As the jury knew from the fact that an insurance company was named as a defendant that Nielsen carried insurance, this insinuation was quite likely effective toward inducing the jury to place the fault where there was an insurance company to pay the damages, and thus increase the recovery against Nielsen and his insurer. In view of the state of the evidence respecting the negligence of Dennis, and the effect of a finding upon that question, we consider the erroneous remarks of counsel were prejudicial to the appellants, and that the trial court should have granted the defendants' motion for a new trial because of them. For a recent case discussing the matter of improper arguments of counsel, see *Berger v. U. S.* 295 U. S. 78, 55 Sup. Ct. 629.

*By the Court.*—The judgment of the municipal court is reversed, and the cause remanded with directions to set aside the verdict and order a new trial.