ANDERSON, Respondent, vs. SEELOW, Defendant: SAMPSON-O'CONNELL, INC., Appellant.

*February 10—March 9, 1937.*

For the appellant there was a brief by *Crawford & Crawford* of Superior, and oral argument by *Raymond A. Crawford*.

For the respondent there was a brief by *Cadigan & Cadigan, John C. Fritschler,* and *John H. Chisholm,* all of Superior, and oral argument by *Mr. Fritschler*.

FOWLER, J. This is an automobile collision case grounded on alleged negligence of the appellant's employee. The appellant, a garage owner, contends: (1) That the court should

have directed a verdict in its favor because the credible evidence shows that Seelow, its employee, who was driving the automobile that collided with the automobile of the plaintiff, was driving it without its consent, and was driving it on his own and not in his employer's business; and that, if its motion for a directed verdict was properly denied, the court should have granted its motion for a new trial, (2) in the interest of justice, and on the grounds, (3) that the court erred in instructing the jury, and (4) that the damages awarded are excessive.

(1) (2) The testimony of the defendant Seelow, if believed by the jury, as the findings of the jury indicate it was, made a case for the plaintiff, and thus raised a jury question. His testimony was also somewhat corroborated in one respect by testimony of the plaintiff that one of the officers of the garage owner stated to him that Seelow was testing the brakes of the car when the accident occurred. We are therefore constrained to hold that the motion for a directed verdict was properly denied. We have the not unusual case of a party testifying on the witness stand to a state of facts entirely contrary to his admitted written statements made shortly after the occurrences to which his testimony relates. While the situation is not unusual, it is seldom that statements upon the trial are so completely contradicted by the written statement at every material point, and by the testimony of several witnesses apparently credible. One of the grounds for a new trial was that it was required in the interest of justice. In view of the fact that the testimony bearing upon the questions stated is so overwhelmingly contrary to that of Seelow, and because of the matters treated under (3) and (4), we consider that a new trial should be ordered in the interest of justice under sec. 251.09, Stats. We do not perceive that any good purpose would be served by detailing the evidence upon these questions.

(3) Question 8 of the verdict was: "At the time of the collision . . . was the defendant, George Seelow, using the Ford automobile in the business of his codefendant, Sampson-O'Connell, a corporation?" In connection with this question the court instructed the jury that "in order to create liability of defendant, Sampson-O'Connell, for the acts of Seelow, or for his negligence causing personal injuries to another, the use must be with the knowledge and consent of Sampson-O'Connell and it must be within the scope of his employment. The master is liable for such acts of his servant as are committed while engaged in his master's business within the scope of such servant's authority in the furtherance of said business."

This instruction in effect told the jury that to entitle the plaintiff to recover they must find that Seelow was using the automobile in the business of Sampson-O'Connell. This court has frequently held that it is error for the court to inform the jury of the effect of their answer to a question upon the rights of the parties, and have not infrequently held that so to inform the jury was reversible error. In the recent case of *Beach v. Gehl,* 204 Wis. 367, 371, 235 N. W. 778, the rule of *Banderob v. Wisconsin Cent. R. Co.* 133 Wis. 249, 287, 113 N. W. 738, was approved that: "It is reversible error . . . [for the court] to inform the jury expressly or by necessary implication of the effect of an answer . . . to a question . . . of the special verdict upon the ultimate right of either party litigant to recover or upon the ultimate liability of either party litigant." The *Banderob Case* states all previous cases in which error was claimed because the court informed the jury of the effect of their answers, and five general rules are drawn from all of them, one of which is stated, page 287, as "(3) The giving to the jury of general rules of law appropriate to the particular question of the special verdict in connection with which such

rules are given is not error." Perhaps it is arguable that the instruction objected to in the instant case falls within (3), but we are of opinion that it is outside its intent. As we construe (3), it means that it is proper to give in connection with a question general rules of law, as the rule as to burden of proof, *Salchert v. Reinig,* 135 Wis. 194, 115 N. W. 132; *Illinois Steel Co. v. Paczocha,* 139 Wis. 23, 35, 119 N. W. 550; as to what is necessary to constitute an agreement, when the question is whether an agreement was made, or as to what is necessary to constitute negligence, when the question is whether a party was negligent, and the like, as in *Salchert v. Reinig, supra; Hamus v. Weber,* 199 Wis. 320, 226 N. W. 392. Question 8 went to the crux of the case. To say there was no liability unless Seelow was engaged on the master's business was entirely unnecessary as an aid to the jury in arriving at an answer to the question, and could have had no other effect than to warn the jury that liability and recovery depended on an affirmative answer to the question. It is true, that instructions of the kind have been passed over as nonprejudicial because before the instruction was given the jury must necessarily have known the rule of law stated from the claims of the parties and the arguments of counsel. *Miner v. Rolling,* 167 Wis. 213, 217, 167 N. W. 242. But so to rule in every instance would be to abrogate the rule entirely, and this the court has not intended and is not disposed to do. The sole purpose of a special verdict is to get the jury to answer each question according to the evidence, regardless of the effect or supposed effect of the answer upon the rights of the parties as to recovery. To inform them of the effect of their answer in this respect is to frustrate this purpose. Counsel who have won or lost a case or two on an answer of the jury according to the fact because the jury did not know the effect of their answer, as most lawyers of considerable experience in the trial of jury cases have learned has occurred from some friend on the

jury, appreciate that both the reason for the rule and the reason for adhering to it except in cases where it is plain that violation of it has not been prejudicial are justified. We consider that the instant instruction was prejudicial.

(4) We are of opinion also that the award to the plaintiff of $2,500 for "future injuries" was excessive. The plaintiff's version of his condition at the time of trial was, "My only complaint now is that I am nervous at times and out of breath when I take exercise. Other than that I am feeling in pretty good shape." He had an enlarged heart, but this antedated his accident, and he had high blood pressure which probably did, but perhaps did not, antedate it. The award for damages up to the time of trial was perhaps not excessive in view of permissible latitude of assessment for pain and suffering. However, loss of time for five and a half months was involved. The plaintiff owned and conducted a granite-cutting business. He testified that he regularly drew out of the business $250 per month. How this had any bearing on the extent of his loss we do not perceive. He testified that his absence affected his income, but he gave no figures or estimate as to how much it affected it.

Upon the whole case we consider that a new trial should be ordered in the interest of justice.

*By the Court.*—The judgment of the superior court is reversed, and the cause is remanded for further proceedings in accordance with the opinion.