**William THEDORF, Plaintiff-Appellant,**

v.

**Sam LIPSEY, Defendant-Appellee.**

**No. 11700.**

United States Court of Appeals Seventh Circuit.

Oct. 12, 1956.

16. Claude v. Claude, 1951, 191 Or. 308, 319, 228 P.2d 776, 230 P.2d 211.

James T. Murray, Dougherty, Arnold & Philipp, Suel O. Arnold, Milwaukee, Wis., for appellant.

Van B. Wake, Milwaukee, Wis., Shaw, Muskat & Paulsen, Milwaukee, Wis., of counsel, for appellee.

Before LINDLEY and SWAIM, Circuit Judges, and WHAM, District Judge.

192

LINDLEY, Circuit Judge.

█ In the district court plaintiff sought to recover damages for personal injuries sustained by him, occasioned, as he claimed, by the negligence of defendant in so operating the latter's automobile on a public highway in Wisconsin, in the night-time, as to cause it to collide with a disabled motorcycle being pushed on the highway by plaintiff and two associates. In answering special interrogatories submitted by the court, the jury found plaintiff and defendant each guilty of 50% of the negligence causing the accident. In such instances, the Wisconsin statute requires a dismissal of the suit. From the judgment entered in accord with this procedure, plaintiff appeals, contending (1) that the trial court should have admitted in evidence a Manual of the Motor Vehicle Department of Wisconsin pertaining to stopping distances of motor vehicles; (2) that the negligence of plaintiff with regard to taillights on the motorcycle, which the jury found to exist, "could not constitute" proximate cause of the accident, and (3) that the trial court should have instructed the jury of the legal result of their findings of equal comparative negligence. Thus our review does not involve any inquiry as to the credence of witnesses, for the evidence submitted to the jury was conflicting, and, considered in the light most favorable to defendant, as we must view it, affords no justification for weighing it on our part. Our only function is to determine whether the trial court erred in any respect urged.

█ The manual which plaintiff sought to introduce purported to have been issued by the State and contained certain statistics bearing upon stopping distances under various circumstances. It sought to inform motorists of normal expectations in traffic under normal conditions. It was not endowed with the characteristics of a statute; it was not legislative action, but had been issued, apparently, by the Department to supply information and suggestions to the travelling public. It could have had no probative effect upon the question of negligence on the part of defendant. If it was intended by plaintiff's offer to supply the jury with evidence as to what was a safe stopping distance for defendant after he discovered plaintiff and the motorcycle at the time of the accident, it was incompetent for the reason that the opinions, conclusions and statistics included in it were unsworn statements made by parties outside the presence of the court, who were not submitted as witnesses and who could not be cross-examined. It comprised merely *ex parte* statements of third persons, incompetent for any purpose in the trial of the cause.

█ Plaintiff's argument that his negligence, found by the special verdict to have existed with regard to the taillights on the motorcycle which was struck by defendant, "could not" constitute proximate cause of the action, raises a question of fact which was for decision by the jury. Whether the plaintiff was negligent, whether defendant was negligent, and whether the negligence of either or both was the proximate cause of the resulting injury, were purely jury questions. In order to say as a matter of law that plaintiff's negligence in failing to have lights upon the motorcycle which could be seen could not have caused the accident we would have to say that this was the only possible, the only inevitable conclusion. Otherwise, we would invade the jury's province, for, in order to prevent plaintiff's negligent conduct from being the causal factor, it must have been clear beyond peradventure that the omission to have adequate light on the motorcycle could not have caused the accident, or that the injury would have occurred just the same, had the plaintiff's negligent act not been committed. Roeske v. Schmitt, 266 Wis. 557, 64 N.W. 2d 394. The law of Wisconsin as defined in the cited case is in accord with general jurisprudence to the effect that what is proximate cause is ordinarily a question for the jury, if the evidence is conflicting or if different inferences can be drawn from it. Schultz v. Brogan, 251 Wis. 390, 29 N.W.2d 719. If the evidence is conflicting or, although not contradictory,

is open to two or more reasonable inferences as to what actually took place, the case must be left to the jury.

There remains the contention that the court should have instructed the jury as to the effect of its finding of comparative negligence upon the part of both plaintiff and defendant. The record discloses, that, during the course of the trial, after the issues of fact had been submitted to the jury, the members of that body requested the court to advise them as to the legal effect of a finding of equal negligence upon the part of the two participants. This the court refused to do, treating the question as one of law to be decided by the court under the Wisconsin statute, after the jury had returned its verdict upon the facts. That this is correct, we have no doubt. Thus, in Ward v. Cochran, 8 Cir., 71 F. 127, at page 134, reversed on other grounds in 150 U.S. 597, 14 S.Ct. 230, 37 L.Ed. 1195, the Court of Appeals for the Eighth Circuit had this to say: "When the jury are required by the court to return a special verdict, it is both unnecessary and improper to give instructions upon general principles of law applicable to the case, because the jury are supposed to find and report all the material facts without any instructions as to what will be the legal result of their finding. * * * If the verdict returned is a special verdict, erroneous instructions given to the jury touching the rules of evidence that should influence their action may be so far material and important as to justify a reversal * * *." In Anderson v. Seelow, 224 Wis. 230, at page 239, 271 N.W. 844, at page 845, the court said: "This court has frequently held that it is error for the court to inform the jury of the effect of their answer to a question upon the rights of the parties, and have not infrequently held that so to inform the jury was reversible error. * * * The sole purpose of a special verdict is to get the jury to answer each question according to the evidence, regardless of the effect or supposed effect of the answer upon the rights of the parties as to recovery. To inform them of the effect of their answer in this respect is to frustrate this purpose." In Beach v. Gehl, 204 Wis. 367, 235 N.W. 778, 780, the court commented: " 'It is reversible error * * * (for the court) to inform the jury expressly or by necessary implication of the effect of an answer * * * to a question * * * of the special verdict upon the ultimate right of either party litigant to recover or upon the ultimate liability of either party litigant.' " We agree with the reasoning of the Eighth Circuit and with that of the Wisconsin courts to the effect that it was not within the province of the jury to consider or determine the legal result of their special findings of fact. That was a question solely for the court.

In trials in federal court the procedure upon special verdicts is governed by the Federal Rules of Procedure, 28 U.S.C.A., and not by a state statute. Cohen v. Travelers Ins. Co., 7 Cir., 134 F.2d 378, at page 384; Tillman v. Great American Indemnity Co. of New York, 7 Cir., 207 F.2d 588, at page 593; Gulf Refining Co. v. Fetschan, 6 Cir., 130 F.2d 129, at page 134. Under Rule 49(a), governing procedure involving special interrogatories or special verdicts, the trial judge has the responsibility of applying appropriate legal principles to the facts found by the jury; it is for the court to decide upon the jury's answers, the jury's special verdicts, what the resulting legal obligation is. In such a situation the jury is not entitled to information concerning the legal principles which the judge will apply to their findings. Cate v. Good Brothers, 3 Cir., 181 F.2d 146, at page 149. Such interrogatories must put to the jury only questions of fact from which a legal proposition may be deduced by the court. Carpenter v. Baltimore & O. R. Co., 6 Cir., 109 F.2d 375. Long ago the Supreme Court held that questions of law arising from the facts found by the jury are decided by the court, that the decision of the cause upon the specially found facts is for the court and that the court's judgment is confined to the facts so found. Suydam v. Williamson, 20 How.

427, at page 433, 61 U.S. 427, at page 433, 15 L.Ed. 978. Therefore, whether the district court felt that it should be guided by the decisions of Wisconsin as to state practice, or by the Federal Rules of Procedure as indeed it was, it follows that the jury was entitled to be instructed as to the special questions of fact submitted to them, but not as to the legal result of their findings of fact.

Plaintiff sought to impeach the special verdict by affidavits of some of the members of the panel. Jurors may not thus impeach their own verdict. See Skidmore v. Baltimore & O. R. Co., 2 Cir., 167 F.2d 54, at page 60, where the court commented that no one but the jurors can tell what went into the verdict and that they will not be heard to say. The law of Wisconsin is to the same effect. Olson v. Williams, 270 Wis. 57, 70 N.W.2d 10, at page 17.

The judgment is affirmed.