KLEIN, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Respondents.

*March 6—April 2, 1963.*

508

For the appellant there was a brief by *Phillips, Hoffman & Phillips* of Milwaukee, and oral argument by *N. Paley Phillips*.

For the respondents there was a brief by *Kivett & Kasdorf*, attorneys, and *Alan M. Clack* of counsel, all of Milwaukee, and oral argument by *Mr. Clack*.

CURRIE, J. Since the order appealed from granted a mistrial only after the verdict had been returned by the jury, we deem it in substance to be an order granting a new trial for prejudicial remarks of counsel made during the course of argument to the jury. In so holding we do not wish to imply any criticism of the trial court; instead, it is to be

commended for withholding its ruling on the motion for mis-trial, since the trial had progressed to the point where all the evidence was in, until the jury returned its verdict.

The sole issue on this appeal is whether the trial court abused its discretion in granting the new trial. As Mr. Justice GEHL stated for the court in *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 117, 62 N. W. (2d) 549:

> "A motion or a new trial upon the ground of improper conduct of counsel is addressed to the discretion of the trial court. *Laue v. Madison,* 86 Wis. 453, 57 N. W. 93. Its ruling thereon may not be disturbed unless an abuse of discretion is shown; . . ."

Plaintiff places great reliance upon *Roeske v. Schmitt* (1954), 266 Wis. 557, 572, 64 N. W. (2d) 394, wherein this court held that improper argument of counsel cannot be presumed to have a prejudicial effect, but that, "it must affirmatively appear that the remarks operated to the preju-dice of the complaining party, . . ." [1] Nevertheless, in that case, and others relied upon by plaintiff, the trial court had entered judgment on the verdict and the losing parties on appeal sought a new trial from this court because of the alleged prejudicial effect of the improper arguments of opposing counsel. The rule with respect to the showing of

[1] The words "affirmatively appear" mean simply that this court must be convinced, before it will reverse and order a new trial, that the verdict reflects a result which in all probability would have been more favorable to the complaining party but for the improper argu-ment. In *Georgeson v. Nielsen* (1935), 218 Wis. 180, 260 N. W. 461, the trial court had denied a new trial for improper argument in reliance upon the "affirmatively appear" test laid down in *Lehner v. Chicago, M., St. P. & P. R. Co.* (1931), 204 Wis. 558, 563, 236 N. W. 572, but this court reversed and ordered a new trial because of its conclusion that the improper argument had affected the jury's verdict. Cf. *DeRousseau v. Chicago, St. P., M. & O. R. Co.* (1949), 256 Wis. 19, 28, 39 N. W. (2d) 764, and *Horgen v. Chaseburg State Bank* (1938), 227 Wis. 510, 518, 279 N. W. 33.

prejudice is manifestly less stringent when the trial court has found that the improper argument had a prejudicial effect and has granted a new trial. On an appeal in the latter situation, the order for new trial must be affirmed unless this court finds no reasonable basis for the trial court's conclusion that the improper argument was prejudicial, *i.e.*, that it adversely affected the jury's verdict in some material respect from the standpoint of the complaining party.

There were three instances of improper argument to the jury by plaintiff's counsel which the trial court mentioned in its memorandum decision as its basis for granting a mistrial.

The first instance of improper argument occurred in the course of an argument when counsel stated that for plaintiff's personal injuries an award "anywhere between fifteen and twenty thousand dollars would be just, fair, and reasonable, and I can assure you that if I were down in, probably Chicago or even Louisiana or Oklahoma, some other states, you'd be asking three or four—." At this point defendants' counsel interposed an objection which was sustained by the trial court, and properly so. Plaintiff's counsel stepped beyond the bounds when he attempted to imply that damages awarded by juries in other states were higher than those awarded by Wisconsin juries.

The second instance of improper argument was an accusation that an attorney from the office of the law firm representing defendants had tried to get a witness, from whom a written statement had been obtained in investigating the accident, to "change around" some fact. Here again defendants' counsel interposed an objection which the trial court not only sustained, but also followed by instructing the jury to disregard counsel's statement.

The third instance of improper argument related to the fact that defendant McCarthy interposed no counterclaim for damages to his own car. After mentioning McCarthy's failure to claim damages in the action, plaintiff's counsel

stated, "Maybe he [McCarthy] feels it was probably his fault; he went through the light." Defendants' counsel objected that this argument was improper and requested permission to make a motion. The trial judge and counsel then retired to the judge's chambers. There defendants' counsel moved for a mistrial, but the court reserved its ruling on the motion and took the matter under advisement.

This last-described argument of plaintiff's counsel was highly improper. There was nothing in the evidence to explain why McCarthy did not counterclaim in the action for damages to his car resulting from the collision with plaintiff's automobile. Possible reasons for his not doing so are that he may have carried collision insurance which covered such damages, or he may have made claim against plaintiff's insurance carrier and arrived at an amicable settlement.

The trial court made it plain in its memorandum decision that it believed that the improper remarks of plaintiff's counsel affected the amount of damages awarded by the jury. This is shown by the statement therein that these remarks, "in view of the amount of the award of damages, are so prejudicial as to require a new trial." In order for us to determine whether the trial court had any reasonable basis for its conclusion that the $12,000 award of damages by the jury for plaintiff's personal injuries showed the prejudicial effect of the improper arguments, we must briefly review the pertinent evidence bearing on this issue.

When the accident occurred on August 20, 1958, plaintiff was about fifty-five years of age and employed by a packing company in the packing and shipping department. His injuries consisted of a severe skull fracture, described as an "eggshell" fracture, traumatic bursitis in one shoulder, and minor cuts and bruises. The skull fracture required no surgery and the prescribed treatment therefor was absolute rest. At the end of ten days plaintifff was discharged

from the hospital, although he did not return to work until November 16, 1958. His wage loss during this period was stipulated to have been $1,684.76 which the verdict awarded in addition to the $12,000 for personal injuries. Plaintiff has sustained no wage loss due to the accident since returning to work.

For some time after the accident, plaintiff experienced headaches and dizzy spells, but by time of trial in May, 1962, he had been free of such headaches for some time, although he still complained of experiencing dizzy spells. Dr. Arneth, the attending physician, testified that the dizziness had become progressively less and that the shoulder had recovered from the bursitis. Dr. Schaeffer, a specialist in neurology and psychiatry, examined plaintiff on December 9, 1960, more than two years after the accident. He testified that plaintiff's condition "of ill-feeling, dizziness, and vertigo" to a reasonable medical probability would be permanent. Dr. Schaeffer estimated the permanent disability to be five percent as compared to the body as a whole.

We leave undecided the question whether the $12,000 award for personal injuries is excessive on this record because we need only determine whether the trial court abused its discretion in concluding that this award was higher than that which the jury would have found had the three instances of improper argument by plaintiff's counsel not occurred. Although each of the three instances of improper argument standing alone might not be serious enough to warrant directing a new trial, their cumulative effect could reasonably require such result.

We conclude that a reasonable basis existed for the trial court's conclusion, and, therefore, we find no abuse of discretion.

*By the Court.*—Order affirmed.

WILKIE, J., took no part.